**JOHNSON et al. v. WEED.**

No. 7681.

Court of Civil Appeals of Texas. Austin.

June 15, 1932.

Rehearing Denied July 13, 1932.

Second Motion Overruled July 27, 1932.

E. R. York, James A. King, and Cofer & Cofer, all of Austin, for appellants.

Chas. Rogan and Henry Faulk, both of Austin, for appellee.

BAUGH, J.

Suit by V. O. Weed, undertaker, against Miss Effie Whitehand and the children of W. S. Johnson, deceased, for funeral expenses incurred in the burial of said W. S. Johnson. Suit was dismissed as to all the children except the two sons, George Johnson and W. S. Johnson, Jr. Upon jury answers to special issues, judgment was rendered against Miss Effie Whitehand, George Johnson, and W. S. Johnson, Jr., for $461.70, from which the two last-named defendants have appealed.

Suit was upon a verified account for merchandise furnished and services rendered by plaintiff, alleged to have been done at the request of the defendants. Appellants' answers denied that they had authorized such expense to be incurred or had agreed to pay same, and alleged that such expense was chargeable against the estate of the deceased.

In response to issues submitted the jury found as follows:

1. That on or about January 6, 1928, the date of Johnson's death, Miss Effie Whitehand, who had nursed him in his last illness, engaged the services of V. O. Weed in the manner and for the purposes alleged.

2. That on or about January 9, 1928, said Effie Whitehand, George Johnson, and W. S. Johnson, Jr., engaged the services, etc., of plaintiff, in his capacity as undertaker, to bury the deceased.

3. That the said George and W. S. Johnson, Jr., made such engagements.

■ Appellants' first contention questions the sufficiency of plaintiff's pleadings. We do not sustain it. Plaintiff, appellee here, alleged that he 'had, at the request of appellants, furnished the materials and rendered the services described; that the expenses incurred were reasonable; and that .appellants had promised to pay for same. That was sufficient to present the issues involved. It was not necessary to allege or prove an express promise by appellants to pay for same; nor that a valuable consideration accrued to them from such contract. It was sufficient consideration that appellee parted with something of value. The mother of appellants had been dead many years. Miss Whitehand was not related to the deceased. Appellants and the other children were his next of kin. Deceased left no will and no estate. They had the right, therefore, to the custody of his body and the control of his burial. 8 R. C. L. 687; 11 R. C. L. 223.

■ The record discloses that none of the children were present when their father died. That Miss Whitehand had on January 6th engaged the services of appellee, had deceased's body embalmed and prepared for burial, and selected a casket with the instructions that the body be held until the children arrived for the funeral. These arrangements were subject to their approval. While the evidence as to the presence of George Johnson at appellee's mortuary on the morning of January 9th is conflicting, it is not controverted that W. S. Johnson, Jr., was there; that the action of Miss Whitehand on their behalf was acquiesced in, if not expressly approved, the services of appellee accepted, the selection of the casket and vault confirmed, and that both of appellants attended the funeral so conducted by appellee and afterwards expressed themselves as well pleased with same and that they would see that appellee was paid. Neither Miss Whitehand nor W. S. Johnson, Jr., testified on the trial. Some witnesses, including George Johnson, who testified by deposition, testified that George was not in Austin on that morning; but appellee Weed testified positively that he was. The jury found in effect that he was. There being a conflict in the evidence, we must look only to that in support of the verdict, and find it sufficient to sustain it.

■ Nor do we sustain appellants' contention that because these expenses were primarily a charge against deceased's estate, the promise of appellants to see that appellee was paid was only a guaranty, and being oral, was within the Statute of Frauds (Rev. St. 1925, art. 3995). There was no estate in this instance. While article 3531, R. S. 1925, does make such expenses a prior claim against a decedent's estate, that statute does not compel an undertaker to look alone to the estate for payment for his services. He may look to those legally entitled to incur such expense; and they in turn may have priority of claim against the estate, if any, for reimbursement. But he is not compelled to do so. Wright v. Harned (Tex. Civ. App.) 163 S. W. 685; 14 Tex. Jur. 176; Ann. in 30 A. L. R. 445.

The conduct of appellants in this case in approving the action of Miss Whitehand in making such funeral arrangements was clearly a ratification on their part of what they had a legal right to do, and of what she had done on their behalf, as well as on her own. Their selection of the casket and vault, and continuing until completion prior funeral arrangements, constituted, we think, regardless of what they stated subsequently in approval of what had been done, an implied promise to pay appellee the account sued upon. 10 Tex. Jur. 19 et seq. We think the statements by appellants, after the funeral, that they would see that appellee was paid, amounted to a ratification of what had been done on their behalf, instead of a mere guaranty of payment.

■ Appellants also complain of the form in which special issue No. 2 was submitted to the jury. This issue read: "Did the defendants, Miss Effie Whitehand, George Johnson and W. S. Johnson, Jr., jointly and severally on or about the 9th day of January, 1928, engage the services of plaintiff, in his capacity as undertaker, etc.?"

Appellants contend that under said issue as submitted the jury had no opportunity to find whether George Johnson was in fact present on that occasion; or whether W. S. Johnson, Jr., who was present, in fact made any such agreement. It is not denied that Miss Whitehand and W. S. Johnson, Jr., were then present. We think it immaterial whether W. S. Johnson, Jr., under the circumstances, expressly and affirmatively engaged appellee. His conduct was such that under the undisputed facts the law will imply a contract on his part with appellee. Consequently the only remaining issue involved was whether or not George Johnson was present and acting with the others in the premises. The finding of the jury necessitated a finding that he was present, and required the jury to so find before it could answer the question in the affirmative. The issue as to whether or not George Johnson was in Austin on the occasion in question might properly have been submitted separately; but the question as submitted required a finding by the jury not only that he was, but that he was also acting

with the others in the matter inquired about. As thus presented it placed a more onerous burden upon appellee to obtain an affirmative answer than if such inquiries had been made separately. Under these circumstances we think appellants could not have been injured.

 Appellants' next complaint relates to argument of counsel. The remark challenged as inflammatory was directed by counsel to the testimony of George Johnson denying liability for the funeral bill for burying his father. The language shown by the bill of exception, the accuracy of which has been raised and some doubt cast upon it, was: "My God, gentlemen of the jury, how could you believe a word such a man would say." The trial court's qualification of the bill is that "there were other statements made by attorneys for defendants of a similar type and nature." Outside of the appeal to Diety there appears nothing inflammatory or unusual in the remark. And in view of the trial court's qualification, from which it might be inferred that it may have been in response to similar arguments of opposing counsel, we are not prepared to say that it was either erroneous or material.

The remaining contention is that the trial court erred in excluding interrogatory No. 13 and the answer thereto in the depositions of George Johnson. The interrogatory was: "Have you told all that you know concerning this matter? If you know anything else pertaining to your father's funeral expense, please state it." In response the witness made a somewhat lengthy general statement concerning the matter, not necessary to set out here. The bill of exception in the transcript recites that this interrogatory and answer had been on file more than one day before the trial, that no written objection to it had been filed, and that objection by appellee was made to it for the first time when it was offered in evidence (see article 3765, R. S. 1925). By motion for certiorari, however, which we have granted to that extent, appellee has brought up a corrected bill of exception from the trial court showing that appellee did file with his cross-interrogatories a written objection to interrogatory 13, on the ground that it did not indicate to appellee what appellants expected to prove by the witness, or lay any predicate for a cross-examination thereon. Objection in writing was therefore properly and seasonably made and the provisions of article 3765, R. S., are not applicable. It is obvious that the objection was valid and the court did not err in excluding the interrogatory and the answer.

Finding no error in the record of sufficient gravity to require a reversal, the judgment of the trial court is affirmed.

Affirmed.

**On Second Motion for Rehearing.**

In a second motion for rehearing and written argument in support of same, appellants urgently insist that the overwhelming preponderance of the evidence shows that George Johnson did not arrive in Austin until 3:30 p. m., on January 9th, and could not, therefore, have been present that morning and made any agreement with V. O. Weed as to the funeral expenses. Even if this be conceded, as stated in our original opinion, his approval, subsequent to the burial of his father, of the funeral arrangements previously made by Effie Whitehand and W. S. Johnson, Jr., for and on behalf of all the children, amounted to a clear ratification on his part of the expenses incurred for their use and benefit. And whether George Johnson was present in person or not on the morning of January 9th, under the undisputed facts and circumstances we think he became jointly liable with the others for the debt incurred. The motion is therefore overruled.

Overruled.