**ANDERSON v. HUTTO et al.**

No. 3794.

Court of Civil Appeals of Texas. El Paso.

Jan. 26, 1939.

Rehearing Denied March 23, 1939.

710

James G. Cook, of Sinton (Lewright, Lewright & Young, of San Antonio, on the brief), for appellant.

Boyle, Wheeler, Gresham & Terrell, of San Antonio (H. M. Parker of San Antonio, on the brief), for appellees.

NEALON, Chief Justice.

This was a suit to recover title to and possession of real estate, and to cancel deeds of conveyance, and for damages. Defendant appeals from a judgment in favor of plaintiffs for title and possession of the land and $1,800 damages on account of defendant's use and occupancy of the land.

Prior to the year 1933, the appellees A. Y. Hutto, R. G. Hutto, Walter Hutto, W. C. Hutto, Myrtle H. Grimes, and Annie H. Grimes, were the owners of certain described land in the town of Aransas Pass, Texas, each owning an undivided one-sixth interest therein. Myrtle H. Grimes is the wife of A. J. Grimes, and Annie H. Grimes is the wife of J. W. Grimes. The above named parties appellees, were plaintiffs in the court below. Appellees, except A. J. and J. W. Grimes, will be referred to as "Hutto Heirs."

In 1933 P. D. Anderson (a defendant below and appellant here) was approached for a trade or exchange of properties, said Anderson claiming an interest or equity in a large tract of land in Maverick County, Texas, which he was selling under an executory contract of sale from G. Bedell Moore, of San Antonio, Texas, the owner, said Moore holding a first claim or lien against the lands amounting to $65 per acre. In the spring or early summer of 1933, Anderson and the Hutto heirs met and agreed upon the terms and details of an exchange of their said respective properties and interests, whereby the Hutto heirs were to convey their respective undivided one-sixth interests in the Aransas Pass property to Anderson, by the execution of six separate deeds. The deeds were dated June 15, 1933, except the one from Walter Hutto, which was dated and acknowledged by him September 1, 1933.

Each of said heirs signed and acknowledged a separate contract or agreement with P. D. Anderson, whereby Anderson was bound to sell and have conveyed to each of the appellees a separate parcel of land out of the G. Bedell Moore Subdivision in Maverick County, Texas. In these contracts Anderson is designated as the seller, and each Hutto heir, vendee therein, is designated as the buyer. In each contract the appellant, seller, binds himself to pay $65 per acre owing to G. Bedell Moore, on or before ten years after March 3, 1933, and cause deeds to the respective tracts in Maverick County to be executed to each buyer, by G. Bedell Moore, the owner of the prop-

erty. Each contract contains stipulations as to the furnishing of abstracts of title showing marketable titles to the respective properties.

The six deeds from the Hutto heirs were signed and acknowledged and left with Judge John J. Foster, of Del Rio, Texas, who prepared the deeds and the contracts which were to be executed by appellant. Appellant went into possession of the property in Aransas Pass, upon which there was a two-story building, and the Hutto heirs went into possession of the Maverick County lands.

Subsequently, in 1934, Anderson received from Judge Foster all of the various documents deposited with him, including the six contracts of sale from Anderson to the Hutto heirs, which had been prepared in duplicate. He testified that all of the papers connected with the transaction were delivered to him at that time.

On July 20, 1935, Anderson wrote and mailed a letter to A. Y. Hutto, one of appellees, in which he said, "I am ready to complete contract as made. I turned this land over to you folks and you turned building over to me and retained mtg. on same until I clear or pay Mr. Moore for the land. I have never received deed, nor have you folks paid any of difference to Mr. Moore, etc. I am ready to carry out my agreement whenever you are ready."

Thereafter, on or about August 24, 1935, A. Y. Hutto, J. W. Grimes and A. J. Grimes called upon Anderson at his home in Maverick County. At that time Anderson acknowledged the contracts before a notary. The evidence is conflicting as to whether they had ever been signed by him before that time or not. He handed the contracts as executed to A. Y. Hutto and the Messrs. Grimes, who retained possession of the same until the trial of the cause when they offered them for surrender and cancellation.

On July 29, 1936, some of the Hutto heirs wired Tabbitt, the tenant in possession of the Aransas Pass property, instructing him to pay no further rent to Anderson. About August 1, 1936, appellees brought this suit. The character of the suit has been stated. As grounds for cancellation of the deeds to Anderson appellees alleged that though these instruments had come into the possession of Anderson, no delivery of them had been authorized by appellees, and no delivery valid in law or equity had been made. As to Myrtle H. Grimes and Annie H. Grimes it was further pleaded that as the contracts were executory in nature and said parties plaintiff were married women at all the times involved, the contracts were not binding upon them, and they elected to rescind and disaffirm them. As to Walter Hutto it was further pleaded and proved that he was less than twenty-one years of age when he executed his contract and deed. He likewise elected to disaffirm. Plaintiffs below offered to surrender said contracts for cancellation and delivery to Anderson.

We summarize the findings of the jury which were made upon special issues and indicate the number of the issue applicable to each finding. The jury found that (1) the deeds to the Aransas Pass property were not placed in the control of defendant with the intention on the part of plaintiffs that they should pass title to the property to defendant; (2) at the time said deeds were placed in defendant's possession he had not executed the sales contracts of June 15, 1933; (3) the defendant did not furnish plaintiffs a complete abstract of title reflecting the marketable title in him subject to the lien of G. Bedell Moore for $65 per acre; (4) plaintiffs did not waive the furnishing of such abstract; (5) the consideration which was to move from defendant to plaintiffs for said land by virtue of the contract of sale dated June 15, 1933, never passed from defendant to plaintiffs; (6) Walter Hutto, the minor, disaffirmed his contract and deed within a reasonable time after he reached the age of twenty-one years; (7) the damages sustained by plaintiffs by reason of defendant's use and occupancy of the Aransas Pass property from August 1, 1934, to the time of trial amounted to $1,800. In answer to a special issue submitted at the request of defendant, the jury found that upon the occasion of the meeting between the Grimes brothers and A. Y. Hutto on the one hand and P. D. Anderson on the other on or about August 24, 1935, said plaintiffs did not acquiesce in the delivery of the respective deeds from plaintiffs to said defendant conveying the undivided interests in the property in Aransas Pass.

## Opinion

Appellant states the issue on appeal in this language: "The main issue and practically the only issue in the case, was whether the several deeds from the appellees were ever delivered to the appellant Anderson, conveying the respective undivided in-

terests in the Aransas Pass property. The issue was one of delivery of their several deeds, pure and simple."

Appellant contends that there was a valid and legal delivery of the deeds conveying the Aransas Pass property, and that the stipulation regarding the abstract of title to the Maverick County property was substantially, if not literally, complied with, and that if it was not complied with, appellees proceeded to close the deal and waive compliance.

Our first inquiry, then, is: Was there evidence to justify the jury's finding that the deeds to the Aransas Pass property were not placed in the control of defendant with the intention on the part of plaintiffs to pass title to said property? Appellant testified that the deeds came into his possession from the hands of Judge Foster about a year before the latter's death. Judge Foster died in the latter part of July, 1935. As shown in the preliminary statement of facts, appellant wrote one of appellees on June 20, 1935, that he had never received the deed. He testified that he never took apart the bundle of papers that Judge Foster handed him until the visit of three of appellees hereinbefore mentioned. Appellees had not received an opinion from Judge Foster that he had examined an abstract of title which reflected marketable title in Anderson, subject to Moore's lien. Five of the heirs testified that they never consented to the delivery of the deeds to Anderson without compliance with the conditions of the preliminary contract, and that the deeds did not get into Anderson's possession with their consent. The sixth heir was ill and a patient in a hospital; but there was evidence that the same conditions applied to delivery of his deed as applied to the others. The circumstances are sufficient to warrant the finding made by the jury. Delivery of the control of deeds to be effective to pass title must be made with the intention to pass title.

As we construe the preliminary contract between the parties, Anderson was obligated to furnish within a reasonable time after June 1, 1935, a complete abstract of title reflecting marketable title to the estate or interest that he contracted to convey. Necessarily that meant an abstract showing the recorded instrument evidencing the estate or interest. Anderson testified that he did not claim that he had furnished an abstract of title showing marketable title in himself subject to the "G. Bedell

Moore lien." The obligation was not met by an abstract merely showing marketable title in G. Bedell Moore.

The instruments which were excluded from evidence (the contracts between Moore and Anderson) stated other obligations than the payment of $65 per acre on or before ten years after March 3, 1933, as recited in the deeds executed by appellees. They required that the purchase price be paid in annual installments of $6.50 per acre, and they further obligated Anderson to clear and grub not less than 500 acres of the land described in the contract by January 1, 1934. Neither the preliminary contracts of sale between appellant and appellees nor the deeds executed by appellees recited the obligation to make installment payments nor the obligation to grub and clear the land. Nor is it contended here that at the time when appellant insists that appellees waived the requirement to furnish abstract of title and confirmed the alleged delivery by Judge Foster that the contract was in good standing by virtue either of the payment of taxes, which Anderson was obligated to pay, or by the payment of the annual installments as they fell due, or by the performance of the condition to grub and clear. We think, therefore, that the evidence was sufficient to justify the findings of the jury to the effect that Judge Foster's delivery was not made with the intention of passing title, that the various appellees did not waive the condition as to furnishing an abstract of title, that the minor heir did not reaffirm or ratify the contract after maintaining his majority.

There was no error in the action of the court in excluding from the evidence two proffered contracts of sale executed by G. Bedell Moore, under which Moore obligated himself, upon the performance of certain conditions, to convey the land involved to appellant. It was not shown in connection with the proffer that these contracts had been recorded and abstracts thereof included in the abstract of title submitted to Judge Foster. The offering in evidence of the contracts upon trial could not operate as a fulfillment of the obligation to furnish an abstract of title showing the right of appellant to convey.

The appellant presents as fundamental error that the trial court did not submit an issue as to whether or not, under all the facts and circumstances existing at the date of trial below, a reasonable time for delivery of abstract of title by defend-

ant had in fact elapsed. This contention is made in this court for the first time. The submission of an issue supported by uncontradicted testimony of such conclusive nature that reasonable minds cannot differ as to the effect thereof is neither necessary nor proper. Such an issue is one of law and should be determined by the court. Before we can determine that the testimony in this case failed to show without contradiction that a reasonable time had elapsed · for the delivery of the abstract with such certainty that reasonable minds could not differ upon the issue and that a controverted issue of fact for the determination of the jury was therefore raised, we must search the entire statement of facts and weigh the testimony introduced upon the trial. An error that requires such consideration of the statement of facts does not come within the definition of fundamental error. This assignment of error, therefore, may not be considered. Chase Bag Co. v. Longoria, Tex.Civ.App., 45 S.W.2d 242, and cases there cited; Lloyds America v. Payne, Tex.Civ.App., 85 S.W.2d 794, par. 5.

We find no reversible error in the record. The judgment of the District Court is therefore affirmed.

### On Motion for Rehearing.

 In his motion for rehearing appellant insists that we erred in not reversing the judgment of the District Court upon the ground that it was not shown that plaintiffs furnished defendant with abstracts of title to their respective properties and were, therefore, not in position to rescind and secure cancellation of the deeds and sales contracts. Our former opinion quotes verbatim the statement made by appellant in his brief (p. 20) as to what was "the main issue and practically the only issue" in the case. Appellant likewise asserted in his brief (p. 12) that the uncontroverted evidence showed that appellant and appellees "mutually waived the stipulations and provisions in the several contracts requiring the parties to furnish to the other respectively abstract or abstracts," etc. The jury found that appellees did not waive the furnishing of abstracts. Appellant did not request submission of an issue as to whether he had waived this requirement, though it was a ground of defense pleaded by appellant. In view of these assertions of appellant and this method of trial, illustrative of his position as to abstracts of title con-

tracted to be furnished .by appellees, we think the ground of error now urged as to this feature of the case and not urged in appellant's brief should not be sustained. Lauderdale v. Lee, Tex.Com.App., 276 S.W. 660; Jones v. Clark, Tex.Civ.App., 30 S. W.2d 577.

Appellant complains that we considered as evidence in the case the two contracts between appellant and G. Bedell Moore referred to in our opinion. The complaint is ·just. These instruments constituted no part of the evidence and should not have been considered, except to determine whether their exclusion was prejudicial to appellant. However, excluding these contracts from consideration, we think the evidence justified the jury's finding.

· The motion for rehearing is overruled.