## SGITCOVICH v. SGITCOVICH et al.
### No. 12157.

Court of Civil Appeals of Texas. Galveston.
March 16, 1950.

Rehearing Denied April 27, 1950.

Bernard A. Golding, Houston, for appellant.

Barkley, Pardue & Tigner and Walter S. Hart, Houston, for appellees.

CODY, Justice.

This suit was brought by appellee, Annie Sgitcovich, a feme sole, against appellant, her sister, also a feme sole. Following the filing of appellant's motion to require appellee Hart, one of appellee's attorneys, to be joined as a party plaintiff in the suit, the said Hart became a party plaintiff, and on this appeal is one of the appellees, but he appears not to have claimed any interest in the subject matter of this suit; and hereafter the term appellee will be used merely in reference to appellee Annie Sgitcovich.

By her petition, appellee sought to have four certain deeds which, by their terms, conveyed from her to appellant the property therein described set aside and canceled. Appellee also sought by her suit to recover certain personal property which need not be further referred to here, as no point is made with respect thereto on appeal. In her pleading upon which she went to trial, appellee alleged that it was never intended that the deeds sought to be set aside should be delivered to appellant ex-

cept in the event of appellee's death, and alleged that appellant had surreptitiously, and without appellee's knowledge or control, obtained possession of said deeds.

A renter of property involved in this suit was by the court permitted to herein intervene to interplead the parties, and was by the court permitted to pay the rent into the registry of the court to be paid over to the party prevailing. In the state of the record on appeal, we think it unnecessary to give the substance of appellant's pleadings, other than to state she resisted appellee's suit, and that it was necessary for appellee to endeavor to make out her case fully.

At the conclusion of the evidence, appellant moved for a directed verdict, which was refused. The court submitted the case upon six special issues, the first of which read: "Do you find from a preponderance of the evidence that Annie Sgitcovich did not deliver the four deeds in question to Lucy Sgitcovich?" Accompanying said special issue was a proper definition of the term "deliver". The jury answered the issue: "We do."

Appellant seasonably filed and urged her motion for judgment notwithstanding the verdict, which was refused. And the court rendered judgment for appellee, setting aside and canceling said four deeds.

Appellant predicates her appeal upon four points, which, after being edited to a certain extent for the sake of brevity only, read:

1. Appellee was not entitled to the equitable remedy of rescission and cancellation of the four deeds, in the absence of an offer to restore the benefits received by her as consideration therefor.

2. The delivery by appellee to appellant of the four deeds effected a transfer to appellant from appellee at least of the legal title to the property therein described; and appellee failed to allege or prove any fraud or other ground entitling her to rescission, or other equitable relief.

3. Appellee failed to allege and prove any pecuniary injury, and so was not entitled to have her case submitted to the jury in connection with a suit for the equitable relief of rescission and cancellation.

4. The court erred in proceeding with the trial of the cause, over appellant's objection that all necessary parties had not been brought into the suit.

Before discussing the foregoing points, we will state such facts as are necessary for an understanding of the case, and will give appellee's evidence which tends to support the jury's answer to special issue No. 1, set forth above.

Appellee and appellant are elderly spinster sisters. Prior to, and on July 14, 1943, which is the date on which appellee executed the four deeds here involved, appellee and appellant resided together in a house belonging to appellee in Houston. On that date, appellee had become quite ill. Acting apparently on the suggestion of appellant, each of the sisters executed conveyances, by the terms of which each sister conveyed to the other the real estate which they respectively owned, with the purpose and intention that the deeds executed by the sister which died first should be, upon such decease, then delivered to the survivor, and thereafter recorded.

Three pieces of real estate which were affected by the deeds executed by appellee under date of July 14, 1943, were located in Galveston. This Galveston property was owned by the sisters in undivided interests; two-thirds thereof belonging to appellee, and the other one-third thereof belonging to appellant. By the terms of said three deeds, appellee conveyed an undivided two-thirds in the Galveston property to appellant.

The piece of real estate affected by the other of the four deeds dated July 14, 1943, was located in Houston, and was entirely owned by appellee.

The Galveston property was managed by an agent, who acted for the sisters. And appellee's evidence was to the effect that, after the date of the four deeds, the rental agent continued to collect the rents on the Galveston property, and continued to settle with appellant for one-third of the rents, and with appellee for two-thirds of the

rents. Appellee's evidence also showed that, after the date of the deeds here involved, the sisters executed deeds to portions of the Galveston property, and showed that the notes covering the deferred payments were made out to appellee and appellant jointly, and that the payments made by the purchasers on the purchase price, both in cash, and on the purchase-money notes, were transmitted by the aforesaid agent to appellee and appellant in the proportion of two-thirds and one-third, respectively.

Appellee's evidence also consisted, among other things, of a letter written by appellant from Houston, to the aforesaid agent in Galveston, under date of December 5, 1947, and, among other things, the said letter informed the agent that appellant had found the conveyances of the property from appellee to appellant. After telling the agent about the trouble she had been having with her sister, and with her sister's nurse, and that she had the advice of a lawyer to the effect that the only way she could fire the nurse was to become appointed guardian of her sister, appellant's letter to the agent went on to say: "Don't say anything in your letter about what I told you about the deed to 2110 [among the properties conveyed by the terms of the deeds here involved] as I don't want Annie [appellee] to know that I have found them, she will take them away from me. I just found them a couple of days ago, I thought she had them. * * *"

According to appellee's evidence, this letter was written after the sisters had quarreled, and after appellee had required appellant to remove from appellee's home in Houston. According to appellee's evidence, the deeds had been placed in a cabinet in her home, to which appellant had no right of access.

We overrule appellant's first three points. It has long been the settled law of this State that the delivery of a deed is requisite to its validity as a conveyance; and that in order to effectuate a delivery, the instrument must not only be placed within the control of the grantee, but that this must be done by the grantor with the intention that it should become operative as a conveyance. Steffian, Executrix v. Milmo National Bank, 69 Tex. 513, 518, 6 S.W. 823.

Since there was no delivery of the deeds here, no title to the property whatever, either legal or equitable, passed thereby from appellee to appellant and it was neither necessary nor appropriate for appellee to invoke the equitable powers of the court for the purpose of divesting title from appellant, by rescission or otherwise, and of re-vesting title in appellee, because said title had never been divested from appellee or vested in appellant by deeds which, though executed by appellee, had never been by her delivered to appellant. After the suit was filed, appellant caused the deeds, which, according to appellee's evidence, appellant acquired surreptitiously, to be filed in the deed records of the appropriate county. The deeds, so filed for record, did cast such a cloud upon appellee's title as authorized the court, in the exercise of its equitable powers, at the prayer of appellee, to remove cloud from title.

It was appellant's contention, under her fourth point, that the grantees in the deeds from appellant and appellee, which were executed some time after the date of the execution of the four deeds, were necessary parties. The said grantees, who appellant contends were necessary parties, took under deeds wherein, as stated, appellant and appellee, respectively, conveyed their respective one-third and two-thirds undivided interests. Whether said grantees were proper parties need not be here determined. That they were not necessary parties is patent, in that the interest which they acquired by their deeds from appellant and appellee would in no way be affected by any judgment which could be rendered in this case. See Silberberg v. Pearson, in which the opinion was adopted by the Supreme Court, 75 Tex. 287, 12 S.W. 850. Appellant's fourth point is overruled.

The court's judgment is affirmed.