**J. W. HAYHURST et al.**

v.

**Sallie PAYLOR et al.**

No. 6612.

Court of Civil Appeals of Texas.
Amarillo.

June 11, 1956.

Rehearing Denied Sept. 4, 1956.

Rex E. Sullivan, Jr., Quanah, and Thomas B. Adams, Big Spring, for appellants.

Bell & Sowell, Quanah, for appellees.

NORTHCUTT, Justice.

This was an action brought by J. W. Hayhurst, T. A. Hayhurst, Lou Hayhurst Overstreet, Paul C. Overstreet, Mary Whitfield, Edith Majors, Roy Majors and L. R. Hayhurst, as plaintiffs, against Sallie Paylor individually and as independent executrix of the estate of Rachel J. Hayhurst, A. M. Paylor and John S. Hayhurst, as defendants. The plaintiffs sought to have the real estate and personal property partitioned among all the parties in this suit and to require the defendants to furnish an inventory and appraisement of the personal estate and for a final accounting by the plaintiffs and the defendants. The defendants answered alleging that they were the owners of certain specific property sought to be partitioned herein and that the same was not subject to be partitioned as hereinafter to be more specifically stated. All of the plaintiffs and both of the defendants were the children of J. H. Hayhurst and wife, Rachel J. Hayhurst.

In 1939, J. H. Hayhurst and his wife, Rachel J. Hayhurst, besides other property that is not involved herein, owned approximately 1,958 acres of land in Hardeman County, Texas and on June 1, 1939, they had Willard Bumpas to make a survey and plat of this 1,958 acres in which the land was divided into eight separate tracts of land as

shown by the plat of record in this case. On September 16, 1939, J. H. Hayhurst and wife, Rachel Hayhurst, made and executed their joint will in which they stated that it was not their intentions to sell this land and willed to each of their children certain numbered tracts as specified on the plat and in said will designated that John S. Hayhurst was to receive tract number 4 and Sallie Paylor to receive tract number 5. Thereafter J. H. Hayhurst and his wife became disturbed as to the disposition of the oil interest, in case oil was discovered upon this land, as to its division and wanted each of their children to receive that portion of the proceeds from oil or gas, if it should be discovered, regardless of the particular tract that the well might be upon and wanted this in proportion that each tract bore to the whole. Thereafter J. H. Hayhurst and wife, Rachel Hayhurst, discussed the matter with their attorney and explained to him that as to any oil rights they desired that it would be divided among their eight children so far as the entire tract was concerned. It was explained by said attorney to Mr. and Mrs. Hayhurst and they could make deeds to the children for the particular piece of property they desired to deed to the particular child and in the deed to retain the oil, gas, and mineral right and that they then could deed to each particular child the oil, gas, and mineral rights by a separate instrument. On January 25, 1940, J. H. Hayhurst and wife, Rachel Hayhurst, executed eight separate deeds each of which was dated January 25, 1940, naming as grantee a different one of the eight Hayhurst children and conveyed to each child a particular tract of land out of the J. H. Hayhurst subdivision as shown by the plat. On October 10, 1940, J. H. Hayhurst and wife, Rachel Hayhurst, executed a mineral deed dated October 10, 1940, naming as grantees therein their eight children and conveying to each individual child a fractional share of all the oil, gas, and minerals in and under the 1,958 acres. The eight deeds, here mentioned, together with the mineral deed,

were retained in possession of J. H. Hayhurst and Rachel Hayhurst from January 25, 1940, until October 10, 1940, at which time J. H. Hayhurst and Rachel Hayhurst mailed to J. O. Fitzjarrald in Memphis, Texas, the eight deeds and also the mineral deed along with their written letter of instructions which is as follows:

"Bethany, Oklahoma.
"October 10, 1940
"Mr. J. O. Fitzjarrald,
"Attorney at Law,
"Memphis, Texas.
"Dear Sir:
"We are enclosing herewith 8 deeds in general warranty form, conveying certain lands in Hardeman County, Texas, to our children. You are to act as our agent in holding these deeds, and upon the death of the survivor of us, you are instructed to deliver each of these deeds to the child whose ——— appears on the face upon the conditions as above set out.

"The mineral deed herewith enclosed is to be recorded by you upon the death of the survivor of us, and the fee for recording such deed together with any other cost in connection therewith is to be paid by all of the grantees herein named proportionately to their interest in such minerals.

"Yours very truly,
"(Signed)     J. H. Hayhurst
"J. H. Hayhurst
"Rachel Hayhurst
"Rachel Hayhurst"

J. H. Hayhurst died on the 5th day of December 1947. On January 24, 1948, Rachel J. Hayhurst individually and as executrix of the estate of J. H. Hayhurst, deceased, made, executed, and delivered and had filed for record in Hardeman County, Texas, a deed to the property in question as well as other property not involved in this suit designating all of her eight children were to receive each an undivided 1/8 interest in the property. It is the contention of

the plaintiffs herein that by virtue of his last mentioned deed that the 1,958 acres involved herein should be partitioned among the eight children. It is the contention of the defendants herein that the deeds executed by Mr. and Mrs. Hayhurst and placed in the possession of J. O. Fitzjarrald deeded separate tracts to each of said children and that by virtue of such deeds upon the death of Mr. and Mrs. Hayhurst each individual was entitled to the particular piece of property deeded to that individual by that deed.

In the judgment of the court, the court decreed that Sallie Paylor should have and recover of and from all of the plaintiffs all of tract 5 of the J. H. Hayhurst subdivision according to the survey made by Willard Bumpas on June 1, 1939, and being the land deeded to her in the deed placed in the hands of J. O. Fitzjarrald, and further decreeing that she recover an undivided 413/1958 of all the oil, gas, and minerals under the entire 1,958 acres. The court decreed that John S. Hayhurst should have and recover of and from the plaintiffs' tract number 4 of the J. H. Hayhurst subdivision according to survey made by Willard Bumpas on June 1, 1939, being the same land transferred to him by Mr. and Mrs. Hayhurst in the deed delivered to J. O. Fitzjarrald and was decreed that he have an undivided 310/1958 of all the oil, gas, and mineral in and under the 1,958 acres.

Although the appellants, being the same parties as the plaintiffs in the trial court, present their appeal upon five separate points of error, we are of the opinion that the determination as to whether or not the deeds executed and delivered by Mr. and Mrs. Hayhurst to J. O. Fitzjarrald determined the ownership of the property in question will determine all the issues involved in this case.

■ If the grantors, J. H. Hayhurst and wife, Rachel Hayhurst, unconditionally handed over the deeds to J. O. Fitzjarrald, placing them beyond the control and dominion of Mr. and Mrs. Hayhurst, with instruction to transmit to the grantee, specified in each deed, at the grantors' death, there is then a valid, effective and irrevocable delivery of the instrument as a deed, and a present interest in the realty passes at the time to the grantee, although the enjoyment thereof is deferred until the death of Mr. and Mrs. Hayhurst. If, however, when the instruments were handed over to Mr. Fitzjarrald, the grantors therein retained control and dominion over those deeds, and the instruction is to deliver the deed to the grantee or grantees at grantors' death, unless otherwise directed in the meantime, there is no delivery of the deed, but merely an effort to make a will in a manner not recognized by the law; J. O. Fitzjarrald would remain the agent of the grantor only, and his authority to deliver would be terminated at the death of Mr. and Mrs. Hayhurst, and the instrument would have no effect, unless it was executed with the formalities required for the execution of a will.

■ We are of the opinion, and so hold, that these deeds were placed in the hands of J. O. Fitzjarrald with the sole understanding of Mr. and Mrs. Hayhurst that they were placed with him to be held by him for the grantee in the specific deed until the death of Mr. and Mrs. Hayhurst and then were to be delivered to the particular grantee and they could not withdraw them and that this action would nullify any provision of the will as to the transfer of the property, and the will would be nothing more than an attempt to will something that they did not own. It is to be noticed, that Mr. Fitzjarrald retained all of said deeds as provided for in the letter to him dated October 10, 1940, and after the death of both Mr. and Mrs. Hayhurst delivered to each child the deed to his respective interest as provided in the deed and also had filed for record in Hardeman County, Texas, the mineral deed; all as Mr. and Mrs. Hayhurst had requested him to do. It is stated in the case of Ragland v. Kelner,

148 Tex. 132, 221 S.W.2d 357, 359, by the Supreme Court as follows:

"While the question of whether there has in fact been a delivery of a deed is one for the trier of facts, the question of what constitutes a delivery is one of law. In this case the facts regarding the delivery of the deed are undisputed, and only the question of what legal effect is to be given those facts is before us for decision. A valid delivery of a deed may be made to a third person who is not an agent of the vendee, and this is true even though the grantee may not be aware of its execution or delivery. If a grantor delivers a deed to a third person, without any reservation on his part of the right to recall it, and with instructions to the third person to deliver it to the grantee upon the grantor's death, he thereby makes an effective delivery of the deed as a matter of law.

"Much has been written upon this question, but we need cite only a few selected cases from our own jurisdiction. Our view is that, as a matter of law, Mrs. Kelner delivered the deed to this property to W. A. Chenoweth, to become effective upon her death, when she manually delivered it to Mrs. Mahurin. This conclusion, we think, is required by the decisions in Henry v. Phillips, 105 Tex. 459, 151 S.W. 533; Davis v. Bond, 138 Tex. 206, 158 S.W. 2d 297; and Earl v. Mundy, Tex.Civ. App., 227 S.W. 970, writ refused. The conclusion is strengthened by a consideration of Eckert v. Stewart, Tex. Civ.App., 207 S.W. 317, writ refused, a case in which the grantor retained the right to recall the deed at any time. The test established by those cases is whether or not the grantor parted with all dominion and control over the instrument at the time he delivered it to the third person, with intent at the very time of its delivery that it take effect as a conveyance."

We are of the opinion that the court made the proper disposition of this case under the record herein. Judgment of the trial court is affirmed.