The STATE of Texas et al., Appellants,

v.

John L. JONES et al., Appellees.

No. 15388.

Court of Civil Appeals of Texas.

Dallas.

June 27, 1958.

Rehearing Denied July 25, 1958.

Will Wilson, Atty. Gen., C. K. Richards, John H. Minton, Jr., and Henry G. Braswell, Asst. Atty. Gen., for appellants.

W. Ernest West, Canton, for appellees.

DIXON, Chief Justice.

The State of Texas, acting in its own behalf and as next friend of Fletcher Jones, non compos mentis, appealed to the District Court of Van Zandt County from an order of the County Court approving an inventory and appraisement previously filed in the Matter of the Guardianship of Fletcher Jones. Following judgment unfavorable to the State and Fletcher Jones in the District Court, an appeal to this Court was perfected.

A proper understanding of the case requires that we briefly recount the events leading up to the litigation.

Fletcher Jones is the uncle of John L. Jones. They were like father and son, John L. Jones having gone to live with his uncle when he was seven years old, and having continued to live with him for many years after he was a grown man. At the time of the trial John L. Jones was 47 years of age. The uncle and nephew never had any serious difficulties. In fact so close was their relationship that following the death of the uncle's wife in 1944, the uncle, Fletcher Jones, who was childless, gave his nephew John L. Jones 150 acres of land.

Following the gift of this land, Fletcher Jones for the most part continued to manage the property along with property of his own. On May 16, 1946, he established a joint bank account in the name of himself and his nephew, John L. Jones and Willie Jones, wife of the nephew. On the same date John L. Jones and Willie Jones gave Fletcher Jones a power of attorney enabling Fletcher Jones to handle the joint bank account as he thought best. This joint account grew large from the sale of cattle, the letting of oil leases, and other sources of income. Neither John L. Jones, nor his wife, Willie Jones, ever drew any money out of the account leaving the management of the account entirely to their uncle, Fletcher Jones. Everything seemed to go well until in January 1953, E. H. Shuford, Vice-President and Cashier of the Citizens National Bank of Tyler, came out to their farm home to see John L. Jones and Willie Jones to inform them that recently Fletcher Jones had been coming to the bank practically every day, asking the balance in the account and cashing quite a few large checks. The bank officials didn't know whether Fletcher Jones was in his right mind, and felt something ought to be done about it.

Following the visit of Shuford, arrangements were made at the bank whereby the signatures of all three owners of the bank account should be required before any more withdrawals could be made from the account. At the same time, February 3, 1953, John L. Jones and Willie Jones signed an instrument ratifying and confirming the acts of the bank in honoring and paying the checks previously drawn by Fletcher Jones. This instrument was not executed for the purpose of showing, and it does not show the respective interests of the parties in the joint bank account. It was drawn at the suggestion of the bank's attorney to protect the bank from liability for honoring the checks drawn by Fletcher Jones against the account pursuant to the

power of attorney executed by John L. Jones and Willie Jones on May 16, 1946.

Sometime in April 1954 in a proceeding in the County Court of Van Zandt County Fletcher Jones was adjudged a person of unsound mind and was committed to the State Hospital at Terrell, Texas. He has continued to reside at that institution as a patient since that time.

On August 29, 1955, L. F. Hines was appointed guardian of the person and estate of Fletcher Jones, non compos mentis. In his application Hines alleged that Fletcher Jones had an interest in a joint bank account with other persons in the Citizens National Bank of Tyler, Texas, and further alleged, "it is necessary that a guardian be appointed in order that the amount of said interest might be determined and their funds be credited to their separate accounts."

The same date the Court approved an inventory and appraisement in which there was listed the joint bank account of Fletcher Jones, John L. Jones and Willie Jones amounting to $18,561.36. The Court found that the interest of Fletcher Jones in said account was $2,411.36, and the interest of John L. Jones and Willie Jones was $16,150, which sum was paid over to them. It is this order approving the inventory and appraisement which is the subject of this litigation.

Meantime the State of Texas became interested in the matter. By provisions of Art. 3196a, Vernon's Annotated Civil Statutes, the State is given a right of reimbursement from the estate of its patients for sums expended for their care and maintenance. Fletcher Jones has incurred an account with the State of Texas of approximately $2,500 with the prospect that further charges will be incurred. The State of Texas, pursuant to Rule 336, Texas Rules of Civil Procedure, gave notice of appeal from the order approving the inventory and appraisement and thereafter pursuant to said appeal the court papers

were transferred from the County Court to the District Court.

On October 26, 1955, the State of Texas for itself and as next friend of Fletcher Jones filed a pleading wherein it alleged that Fletcher Jones was entitled out of the joint bank account to a sum "undetermined but ascertainable", and in excess of the $2,411.36 allowed in the approved inventory and appraisement. The State then prayed that the Court "declare and decree the respective rights of Fletcher Jones and John L. Jones and Willie Jones" in the $18,561.36 still on hand in the joint account when Fletcher Jones was declared non compos mentis; that judgment be rendered "in favor of Fletcher Jones against John L. Jones and Willie Jones in the amount, if any, that the interest of Fletcher Jones in said funds is found to exceed $2,411.36;" and that L. F. Hines, guardian, be ordered to inventory such claim in favor of the estate of Fletcher Jones.

John L. Jones and Willie Jones, and L. F. Hines, guardian, filed pleadings in answer to the foregoing pleading by the State; and on March 8, 1957, John L. Jones and Willie Jones filed a cross-action claiming that the withdrawals of Fletcher Jones actually exceeded his interest in the joint bank account by the sum of $3,975.28, for which they prayed judgment. L. F. Hines, guardian, filed an answer in behalf of Fletcher Jones, contesting the cross-action.

After a trial in the District Court without a jury, the Court, in a judgment filed July 17, 1957, found that the interest of John L. Jones and Willie Jones in the joint account was $21,786.24, therefore they were entitled to the $16,150 set aside for them in the probate order, were also entitled to the balance of $2,281.36 still remaining in the hands of the guardian out of the money set aside for Fletcher Jones in said order, and were entitled in addition to judgment on their cross-action against the estate of Fletcher Jones in the amount of $3,358.88.

In its appeal to this Court the State of Texas for itself and Fletcher Jones complains only of the judgment in the amount of $3,358.88 in favor of John L. Jones and Willie Jones in their cross-action against Fletcher Jones and his estate. No appeal was taken by L. F. Hines, guardian of the person and estate of Fletcher Jones.

In their brief appellants present two points on appeal, both predicated on the contention that the cross-action of appellees was barred under the two year and four year Statute of Limitation, Arts. 5526 and 5527, V.A.C.S. In support of their contention appellants assert that John L. Jones and Willie Jones knew on February 3, 1953, that Fletcher Jones was making withdrawals from their account which they considered unauthorized and to constitute an unlawful taking of their money. The cross-action was not filed until March 8, 1957.

We find nothing in the record to support the contention of appellants that John L. Jones and Willie Jones knew in January 1953 that Fletcher Jones had already withdrawn more than his part of the joint account. It is true that at that time E. H. Shuford, the banker, told them that Fletcher Jones had recently been making large withdrawals, and the bank officials doubted that he was in his right mind. Then on February 3, 1953, arrangements were made cancelling appellees' power of attorney to Fletcher Jones and providing that withdrawals could be made only upon the signature of all three of the owners of the account, not upon the signature of Fletcher Jones alone. But we find nothing to indicate that John L. Jones and Willie Jones at that time knew of the amounts of the deposits in and withdrawals from the account, or that the withdrawals by Fletcher Jones were in an amount which they later considered an unlawful taking of their money. In fact the record indicates that they had left the management of the account altogether to Fletcher Jones and did not know the status of the account or the

amount of their interest in it until an accounting had been made in the court proceedings, and final calculations made. After the evidence was all in appellees John L. Jones and Willie Jones filed a trial amendment reducing the amount of their claim on cross-action to $3,358.88.

This view is borne out also by the pleadings filed by appellants. As we pointed out earlier in this opinion appellants in effect asked for an accounting, alleging in a pleading filed October 26, 1955, that the inventory and appraisal was erroneous, that the sum of $16,150 paid over to appellees was wrongful, therefore appellees were indebted to Fletcher Jones "for an undetermined but ascertainable amount of money." We also again call attention to appellants' prayer in which they ask that "judgment be entered in favor of Fletcher Jones in the amount, *if any*, that the interest of Fletcher Jones in said funds is determined to exceed the sum of $2,411.36." (Emphasis ours.) It appears that neither appellants, nor appellees, nor the bank officials knew the amount of the interests of the parties in the joint bank account. It was for the purpose of clarifying the situation that a guardian of the estate of Fletcher Jones was appointed in 1954.

Copies of the Bank's ledger sheets are shown as exhibits in the statement of facts. These show that the joint account was opened May 16, 1946, with a deposit of $14,500. A total of 20 additional deposits were made before the account was closed August 30, 1955, these deposits varying in amounts from $2,000 to $84.80. During the life of the account there were nearly 200 withdrawals varying in amounts from $2.95 to $16,150. This last amount was paid over to John L. Jones and Willie Jones August 30, 1955, in accordance with the approved inventory and appraisement which is the subject of this controversy.

John L. Jones and Willie Jones testified that the $14,500 deposited May 16, 1946, was a bonus on an oil lease on the 150 acre farm given to them by their uncle in 1945.

Their testimony in this regard was corroborated by testimony of the man who paid the money. They also identified several deposits as resulting from the sale of cattle in which they had an equal interest with Fletcher Jones. One deposit of $1,500 they identified as being paid to Fletcher Jones for an oil lease on a farm of 198 acres which he owned and in which they had no interest. But no one appears to have known until an accounting was had what most of the withdrawals were for, whether for the benefit of Fletcher Jones or the benefit of John L. Jones and Willie Jones.

In our opinion the claim of John L. Jones and Willie Jones had not been barred by limitations when they filed their cross-action March 8, 1957. Ordinarily a person's ignorance of his cause of action will not prevent the statute of limitations from running. But there are exceptions to the rule. One of the recognized exceptions arises when there has been a relation of trust and confidence between the parties, as sometimes arises in matters pertaining to principals and agents, or trustees. Brown v. Neyland, Tex.Civ.App., 161 S.W. 2d 833 (Syl. 7); Thompson v. Barnard, Tex.Civ.App., 142 S.W.2d 238 (Syl. 4); Baker v. Cook, Tex.Com.App., 15 S.W.2d 600 (Syl. 2) (holding approved by S.C.); Rice v. Ward, 92 Tex. 704, 51 S.W. 844; Moore v. Waco Bldg. Ass'n, 19 Tex.Civ. App. 68, 45 S.W. 974–977; Bonner v. McCrory, Tex.Civ.App., 35 S.W. 197. In this case John L. Jones and Willie Jones had every reason to place implicit trust in their uncle and benefactor, Fletcher Jones. And certainly nothing ever occurred to disturb that trust until their uncle's mind became clouded. The appointment of a guardian was made August 29, 1955—less than two years prior to the filing of the cross-action for the express purpose of an accounting to determine the interests of the respective parties in the joint bank account. And until judgment was rendered July 17, 1957, in the District Court John L. Jones and Willie Jones did not know and could not have been expected to know whether Flet-

cher Jones had overdrawn his interest in the account.

Appellant's two points on appeal are overruled.

The judgment of the trial court is affirmed.