**Owen L. JONES et al., Appellants,**

v.

**James Marvin YOUNG and Jack Jones, Appellees.**

**No. 8364.**

Court of Civil Appeals of Texas, Texarkana.

June 22, 1976.

Rehearing Denied Aug. 10, 1976.

Ben Z. Grant, Kirkpatrick, Grant, Dennis & Reed, Marshall, for appellants.

William M. Huffman, Hall, Huffman & Palmer, Marshall, for appellees.

CHADICK, Chief Justice.

This is an action to annul a deed and recover damages for conversion of personal property. A jury was waived, the trial judge denied relief and entered a take nothing judgment.

## I

Owen L. Jones and thirty-two (32) other persons alleged to be heirs at law of Rosa V. Black, Deceased, were plaintiffs below and prosecute this appeal as appellants. James Marvin Young and Jack Jones, alleged to be the heirs at law of Eugene H. Jones, Deceased, were defendants below and are appellees here. The plaintiffs' trial pleadings sought judgment declaring null and cancelling a warranty deed dated March 10, 1969, executed by Rosa V. Black, as grantor, to Eugene H. Jones and James Marvin Young, as grantees, on the ground that the grantor did not have "mental capacity to sign such an instrument and make such a conveyance." Damages were sought on the grounds that Young and Jones had converted property belonging to the plaintiffs as heirs of Rosa V. Black, Deceased, including certificates of deposit.

## II

The substance of the appellants' first Point of Error is that no effective delivery of the deed in suit was made by Rosa V. Black (hereafter generally referred to as Mrs. Black) to the grantees, Young and Jones. The trial court duly responded to the timely request of appellants' counsel and filed findings that the deed was executed and delivered by Mrs. Black for the purpose of making a gift to James Marvin Young and Eugene Jones on March 10, 1969, with the intention that the deed and the conveyance made thereby would be effective immediately and that by the execution and delivery of the deed on that date Mrs. Black conveyed to Young and Jones Title to the land described in the deed. No exception was lodged to these findings of fact by the plaintiffs and no point of error challenging sufficiency of the evidence to support a specific finding has been briefed.

At the scrivener's office, after the deed was executed, Mrs. Black handed it to James Marvin Young and remarked that this "is attended to, this is the end of it". Mr. Young was advised by the scrivener to immediately record the instrument but Mrs. Black interposed an objection saying, "No, I don't want it known at this time, don't want to put it on record". After discussion, the scrivener wrote by hand, on the top margin of the face of the printed form employed in making the conveyance, this statement: "To be delivered on death of the Grantor", and Mrs. Black signed her name immediately below. The wife of James Marvin Young testified that Mrs. Black then handed the deed back to her husband. Mrs. Young also testified that her husband carried the deed home with him after the transaction was completed. After the session at the scrivener's office, Mrs. Black accompanied Mrs. Young and Eugene H. Jones to Hallsville and in the course of conversation said, "Eugene, you and Marvin each have 88 acres now". James Marvin Young testified at the trial but since admission of his testimony is questioned under another point of error, its con-

tent will not be indicated as the issue under consideration may be decided without resorting to it, that is, the trial judge had other evidence before him which supports the findings made.

Delivery of a deed in the conveyance of real property is the subject of many cases cited by the parties. These cases furnish a broad survey of the law in this respect. The appellants cite *Younge v. Guilbeau*, 70 U.S. [3 Wall.] 636, 18 L.Ed. 262 (1865); *Dikes v. Miller*, 24 Tex. 417 (1859); *Estes v. Reding*, 377 S.W.2d 233 (Tex.Civ.App.El Paso 1964, writ ref'd n. r. e.); *Johnson v. Freytag*, 338 S.W.2d 257 (Tex.Civ.App. Beaumont 1960, writ ref'd n. r. e.); *Steffian v. Milmo Nat. Bank*, 69 Tex. 513, 6 S.W. 823 (1888); *National Bond & Mortgage Corporation v. Davis*, 60 S.W.2d 429 (Tex.Comm'n App.1933, judgmt. adopted); *Kincheloe v. Kincheloe*, 152 S.W.2d 851 (Tex.Civ.App. Amarillo 1941, writ ref'd w. o. m.); *Sgitcovich v. Sgitcovich*, 229 S.W.2d 183 (Tex.Civ. App.Galveston 1950, writ ref'd n. r. e.); *Chasteen v. Miller*, 349 S.W.2d 772 (Tex.Civ. App.San Antonio 1961, writ ref'd n. r. e.); *Neff v. Ulmer*, 404 S.W.2d 644 (Tex.Civ. App.Amarillo 1966, writ ref'd n. r. e.); *Hayhurst v. Paylor*, 293 S.W.2d 531 (Tex.Civ. App.Amarillo 1956, no writ); *Harrison v. Craddock*, 178 S.W.2d 296 (Tex.Civ.App.Galveston 1944, no writ); and Annot., 87 A.L. R.2d 787 (1968); 19 Tex.Jur.2d Deeds, Sec. 1. Appellees cite *Huff v. Crawford*, 89 Tex. 214, 34 S.W. 606 (1896); *Benavides v. Benavides*, 218 S.W. 566 (Tex.Civ.App.San Antonio 1920, writ ref'd); *Taylor v. Sanford*, 193 S.W. 661 (Tex.1917); *Davis v. Bond*, 141 S.W.2d 979 (Tex.Civ.App.Texarkana 1940); judgmt. affrm'd, 138 Tex. 206, 158 S.W.2d 297 (1942); *Lewis v. Ames*, 44 Tex. 319 (1879); *Hubbard v. Cox*, 76 Tex. 239, 13 S.W. 170 (1890); *Earl v. Mundy*, 227 S.W. 970 (Tex.Civ.App.El Paso 1921, writ ref'd); *McCartney v. McCartney*, 93 Tex. 359, 55 S.W. 310 (1900); *Thornton v. Rains*, 299 S.W.2d 287 (Tex.1957); *Hayes v. Pennock*, 192 S.W.2d 169 (Tex.Civ.App.Beaumont 1946, writ ref'd n. r. e.); *Texas Pacific Coal & Oil Co. v. Bruce*, 233 S.W. 535 (Tex.Civ. App.Fort Worth 1921, no writ); *Henry v.*

*Phillips*, 105 Tex. 459, 151 S.W. 533 (1912); 19 Tex.Jur.2d, Deeds, Sec. 89.

The several aspects of delivery pertinent in this appeal were summed up by the late Justice H. D. Barrow in *Chasteen v. Miller*, supra, where it is said:

"It is well settled that in order to effect transfer of title to land the deed must be delivered to and accepted by the grantee. *Anglin v. Cisco Mortgage Loan Co.*, 135 Tex. 188, 141 S.W.2d 935; *Cox v. Payne*, 107 Tex. 115, 174 S.W. 817; *Koppelmann v. Koppelmann*, 94 Tex. 40, 57 S.W. 570; 14 Tex.Jur. 538, Deeds, § 98. In order to constitute delivery, a deed of conveyance must be placed in the hands of the grantee, or within his control, with the intention that it is to become presently operative as a conveyance. *Bell v. Rudd*, 144 Tex. 491, 191 S.W.2d 841. Without such intention manual delivery to the grantee is insufficient to pass title. *Bell v. Rudd*, supra; *Anderson v. Hutto*, Tex. Civ.App., 126 S.W.2d 709; *Bibby v. Bibby*, Tex.Civ.App., 114 S.W.2d 284."

In a non-jury case, a trial judge, in the exercise of discretion vested in him, determines the facts proved, the credibility of witnesses and the weight to be given testimony. 1 McDonald, Texas Law of Evidence, Sec. 3; 57 Tex.Jur.2d, Trial, Sec. 572. In this instance, the trial judge accepted as true testimony that the deed was executed and physically handed to the grantees. His findings show that he was satisfied that the deed was handed back to the scrivener after it was executed and handed to one of the grantees and that the notation "To be delivered on death of Grantor" was then endorsed on the instrument and signed by Mrs. Black and the instrument again placed in the hands of a grantee, James Marvin Young. Evidence that Mrs. Black considered the transfer of her land "attended to, this is the end of it", that the deed was placed in Young's hands at the time she made the quoted remark and her later statement that the grantees "each have 88 acres now", supports findings that Mrs. Black intended the deed to be effective

immediately. Under the circumstances the trial judge might reasonably conclude that in signing the notation on the deed Mrs. Black did not choose or use the word deliver as a word of art, or as it might be understood in the law of conveyancing, but merely intended that the deed not be tendered for recordation during her lifetime.

### III

The Marshall National Bank, Marshall, Texas, on October 1, 1970, issued Certificate of Deposit No. 4976 which recited that "Mrs. Rosa Jones Black or Eugene Jones has deposited in this bank, not subject to check, Ten Thousand and No/100 Dollars payable at said bank to the order of Mrs. Rosa Jones Black or Eugene Jones upon surrender . . ." On the same date, the Bank issued Certificate No. 4977 similar in all respects except that it recited "Mrs. Rosa Jones Black or Marvin Young" made the deposit and that it was payable to "Mrs. Rosa Jones Black or Marvin Young".

Three days after Mrs. Black's death, that is, on June 25, 1971, Eugene H. Jones withdrew all funds payable by the terms of Certificate No. 4976 and James Marvin Young withdrew all funds payable under the terms of Certificate No. 4977. Eugene H. Jones died intestate after the death of Mrs. Black. The trial court found that Eugene H. Jones "was survived by his wife and a son, the defendant Jack Jones, who were his sole heirs at law". This action for conversion was filed October 4, 1973. Young and Jones interposed as one of several defenses the two year statute of limitations, Tex.Rev.Civ.Stat.Ann. art. 5526, wherein it is said that suits for detaining the property of another and for converting such property to ones own use shall be commenced and prosecuted within two years after a cause of action shall have accrued and not afterwards.

The record manifests that suit was barred by Article 5526 unless the limitation it prescribes was rendered inapplicable by Tex.Rev.Civ.Stat.Ann. art. 5538, as argued by appellants. Article 5538 provides that at the death of a person against whom or in whose favor there may be a cause of action, limitation shall cease to run against such cause of action until twelve months after the person's death, unless an administrator or executor of the decedent's estate shall have sooner qualified according to law, in which case limitations shall only cease to run until the time of qualification. By clear expression Article 5538 applies to causes of action existing when death occurs. *Lemp Brewing Co. v. LaRose*, 20 Tex.Civ. App. 575, 50 S.W. 460 (1899). The conversion pled did not occur during the lifetime of Mrs. Black, and no claim is made that Mrs. Black asserted or could have asserted the cause of action here prosecuted at any time before her death. Appellants' pleadings and proof were designed to recover damages for property belonging to appellants which they inherited from Mrs. Black. *Lemp Brewing Co. v. LaRose*, supra, gives a clear statement of the purpose and application of the present article when it was Article 3368 prior to the current revision of the statutes, to-wit:

> "Both pleadings and evidence showed that LaRose died August 22, 1895, and that the conversion took place within a day or two thereafter. The statute (article 3368, Rev.St.), which, upon the death of a person in whose favor a cause of action exists, suspends limitation against the same for a year after such death, or until the qualification of a legal representative, does not apply. That statute has application to causes of action existing when the death occurs. It makes no provision as to the limitation against causes of action which may arise after death in favor of those who succeed to the rights of the decedent." 50 S.W. 460, 461.

### IV

The trial court did not commit reversible error in connection with the points discussed. Other points briefed by the appellants are rendered immaterial by these con-

clusions and will not be discussed as disposition thereof would not change the result of the appeal. The judgment of the trial court must be affirmed.

IT IS SO ORDERED.

## ON MOTION FOR REHEARING

The appellants' motion for rehearing earnestly insists that the record does not contain evidence to show the statute of limitations commenced to run as held in the Court's opinion herein. The opinion did not go into this question in detail. Additional discussion is justified.

The trial court found as a fact that funds payable pursuant to the certificates of deposit mentioned in the opinion were withdrawn by Young and Jones on June 25, 1971, and that appellants' suit for recovery thereof was instituted October 4, 1973. The trial judge also reached the legal conclusion that an action for recovery of proceeds from the certificates of deposit was barred by the two-year statute of limitations, Tex. Rev.Civ.Stat.Ann., art. 5526.

Endorsed on the certificate to Mrs. Black and Eugene Jones is a statement, "This certificate being cashed June 25, 1971, to pay the funeral expenses of Mrs. Rosa Jones Black." Underneath is the signature "Eugene Jones." An endorsement, identical in meaning, and the signature "Marvin Young" appears upon the certificate of deposit issued to Mrs. Black and Marvin Young. Mr. Young and his wife, as witnesses, testified some of the proceeds of these certificates were used in payment of the expenses and debts of Mrs. Black's estate.

Endorsements on the certificate, other evidence that some of the proceeds were used to pay debts of the estate, together with the assumption that these certificates or proceeds therefrom belonged to Mrs. Black's estate, form the basis of appellants' argument that:

"If the funds were withdrawn for this purpose, as the records clearly indicate, and if some of the funds were used for the purpose of payment of the debts (which the Appellants do not dispute), then it seems apparent that the Appellees did withdraw the funds for the use of clearing up the debts of the estate; therefore, the statute of limitations would not begin running at the time of such withdrawal. The question of conversion comes into play after all of the debts had been paid, and the Appellees at that point did not account to the other heirs for the sums remaining. It would have been at that point in time that the Appellees clearly appropriated and converted the funds as their own instead of distributing them to the heirs at law. There was no showing that the Appellees knew the full extent of the debts of the estate at the time of withdrawing the funds, and therefore no intent was shown to convert the remainder of the funds, inasmuch as it was not clear that there would be any remainder after the payment of the debts."

■ Mrs. Black was not blood kin to either Young or Jones; Mr. Young's mother was a first cousin of Mrs. Black's husband. There is no suggestion that either Young or Jones qualified as temporary administrator of Mrs. Black's estate or attempted to do so or were in any manner authorized by constituted authority to act as the legal representative of Mrs. Black's estate. When the widow or widower, as the case may be, of a decedent or the decedent's surviving next of kin make no arrangements to dispose of the decedent's remains, the reasonable expense of interment suitable to the estate of the decedent, may lawfully be incurred by a stranger and such expense recovered from the decedent's estate. See *Wright v. Harned*, 163 S.W. 685 (Tex.Civ.App.Galveston 1914, no writ); *Johnson v. Weed*, 52 S.W.2d 917 (Tex.Civ.App.Austin 1932, no writ); Texas Probate Code, art. 322; Woodward and Smith, Probate and Decedents' Estates, Sec. 941. No authority is found in statutory or case law for a volunteer or an interloper to take charge of a decedent's estate and pay funeral expenses and other

estate indebtedness and to such extent administer the estate independent of the probate court.

■ A useful definition of conversion, applicable in this case, is found in 14 Tex. Jur.2d, Conversion, Sec. 1, where it is said:

"Conversion is the unlawful and wrongful exercise of dominion, ownership or control by one person over the property of another, to the exclusion of the exercise of the same rights by the owner, either permanently or for an indefinite time."

If the certificates and the proceeds belonged to Mrs. Black's estate, as the appellants plead, disposal of these assets in the unauthorized manner shown amounts to conversion. Young and Jones took control, exercised dominion and ownership over the certificates and proceeds therefrom to the exclusion of the exercise of the same rights by the legal representative of Mrs. Black's estate or her heirs at law.

■ A right of action accrues, as a general rule, whenever facts come into existence which give rise to a cause of action. *Condor Petroleum Co. v. Greene,* 164 S.W.2d 713 (Tex.Civ.App.1942, writ ref'd). The facts here clearly show that a cause of action accrued when Young and Jones cashed the certificates, if the certificates belonged to Mrs. Black's estate as alleged. Under these facts, the trial judge had ample grounds for his conclusion that appellants' suit against Young and Jones was barred by the two year statute of limitations.

Commencement of limitation period was not tolled by reason of a fiduciary relationship existing between the appellants and appellees. No such relationship existed prior to the alleged conversion. Appellants contend to the contrary and rely upon *State v. Jones,* 315 S.W.2d 435 (Tex.Civ.App.Dallas 1958, writ ref'd n. r. e.). In the cited case, an uncle acting under a power of attorney from a nephew authorizing him to handle a joint bank account made withdrawals of the nephew's funds. The court held that the statute of limitations did not commence to run until the nephew knew or should have known of the wrongful withdrawals. The case is distinguishable from this appeal on the facts.

For the reasons discussed, this Court declines to recede from its original disposition of this appeal. Appellants' Motion for Rehearing is overruled.