Albert E. GOODMAN, Appellant,

v.

E. A. GOODMAN, Appellee.

No. 11021.

Court of Civil Appeals of Texas.

Austin.

Jan. 9, 1962.

Sneed & Vine, Sam R. Perry and J. P. Darrouzet, Austin, for appellant.

Blundell & Moore, Lockhart, for appellee.

ARCHER, Chief Justice.

This is an appeal from a judgment of the Trial Court canceling a deed executed by appellee dated July 29, 1960 conveying to appellant a tract of land in Caldwell County. The trial was to the Court without the aid of a jury, and after the testimony had been concluded, judgment was entered.

The appeal is founded on five points and are that the Court erred in finding that the deed was not delivered, because there was no evidence, or that the evidence was insufficient to support such finding; that the Court's finding of fact that the plaintiff's ability to realize the nature of his acts was doubtful and that he was easily influenced do not support the conclusions of law, and there was no evidence to support such finding.

Since this appeal may be determined by the correctness of the finding that the deed was not delivered, we will not consider other phases of this case.

We do not believe that appellee delivered the deed to appellant, and affirm the judgment of the Trial Court.

The parties hereto are father and son. The father was 85-years-old and had from time to time lived in the home of the son and his family.

The deed was written by an attorney, since deceased, on July 29, 1960. The appellant, appellant's wife and son-in-law accompanied the appellee to the attorney's office on the occasion of the execution of the deed.

Subsequent to the signing of the deed the attorney gave it to appellee who put it in his pocket and a little later put the deed in the glove compartment of appellant's car where it remained until some misunderstanding arose between the parties and appellee left appellant's home, and appellant placed the deed of record on May 23, 1961.

The appellee testified that on the occasion of the misunderstanding appellant told him that he had a deed and was going to have it recorded, and that he told appellant that he did not have a deed.

John W. Thorn, a son-in-law of appellant, testified that he was present on the occasion of the execution of the deed and saw the attorney hand the deed to appellee who put the deed in his pocket, took it home and later put the deed in the glove compartment of the appellant's car.

Appellant's wife testified that she was present on the occasion of the signing of the deed, and that the deed was at their home until her husband filed it for record, and that E. A. Goodman had asked them not to record it.

Appellant testified that one time appellee told appellant that he said, "I think I will deed you this place;" that this was on Saturday before the deed was made out; that there was no discussion what would be paid for the place.

The witness testified that his father told him that he wanted to deed the place, but said "Don't say nothing to nobody about it", and "When I make the papers, I don't want you to put them on record."

The appellant testified that on May 23, 1961, his father "got tore up," and that appellant's wife was crying and said, "Well, Pa has just fussed around until I just can't take it any longer." The witness testified that he got the deed out of his car pocket and put it on record.

As we have stated we do not believe the deed was actually delivered and accepted in view of the record in this case, or that there was an intention to do so.

The question of actual delivery of the deed was one of fact for a court or jury. Towery v. Henderson et al., 60 Tex. 291; Steffian et al. v. Milmo Nat. Bank, 69 Tex. 513, 6 S.W. 823; 19 Tex.Jur.2d, Paragraph

81, pp. 356 et seq.; Johnson v. Freytag, et al., Tex.Civ.App., 338 S.W.2d 257, er. ref., n. r. e.; Chasteen v. Miller, Tex.Civ.App., 349 S.W.2d 772, er. ref., n. r. e.

The judgment of the Trial Court is affirmed.

Affirmed.

PHILLIPS, J., not sitting.