**Carl D. ESTES, Sr., Appellant,**

**v.**

**Gid REDING, Appellee.**

**No. 5668.**

Court of Civil Appeals of Texas.

El Paso.

April 1, 1964.

Rehearing Denied April 15, 1964.

Ed Keys, Monahans, for appellant.

Johnson & Dionne, Fort Stockton, for appellee.

CLAYTON, Justice.

This is an appeal from a judgment of the trial court granting a motion for summary judgment in favor of the appellee.

Suit was filed by appellee against appellant for a declaratory judgment involving a claim asserted by appellant to certain mineral rights, and to declare void a purported deed to certain lands and mineral interests, apparently dated May 20, 1953, but acknowledged March 26, 1953, from appellee as grantor to appellant as grantee and filed of record on April 1, 1963.

After granting appellee's motion for summary judgment and at the request of the appellant, the trial court made certain "Findings of Fact". Such findings by the trial court are unnecessary in disposing of a motion for summary judgment, as they are only appropriate in deciding issues of fact. In granting a motion for summary judgment the court merely rules that there are no material issues of fact. Wright v. Bida, 359 S.W.2d 661 (Tex.Civ.App., 1962, n. w. h.), and cases there cited; and all doubt as to the existence of a genuine issue as to any material fact must be resolved against the party moving for summary judgment. Sullivan v. Sisters of St. Francis of Texas, 374 S.W.2d 294 (Tex.Civ.App., 1963, n. w. h.), citing numerous authorities. On appeal the duty of the reviewing court, where motion for summary judgment has been granted, is to determine if there are any issues of fact to be tried, and if the evidence raises any issues of fact to be tried by a court or jury a summary judgment is not proper. Houston Pipe Line Co. v. Dwyer, 374 S.W.2d 662 (S.Ct., 1964).

Relative to the purported deed mentioned above from appellee to appellant which appellee sought to have the trial court declare void, the trial court made the following findings of fact:

"4. I find that in connection with the second oral contract between Gid Reding and Carl D. Estes, Sr., Gid Reding signed his name to an instrument conveying to Carl D. Estes (Sr.) the surface of Tract 5 and an undivided ⅓ of the minerals in Section 36, which instrument is dated May 20, 1953 and purports to have been acknowledged March 26, 1953, and which is attached to the deposition of Carl D. Estes, Sr. as Exhibit 11.

"5. I find that such instrument dated May 20, 1953 and acknowledged on March 26, 1953 was *given by some one* to Carl D. Estes, Sr., so that he could use it to see whether he could borrow money on the land or to find out from

the Veterans Land Board whether his son could borrow money on it, and that it was not delivered to Estes, Sr. as a conveyance of the surface of Tract 5 and an undivided ⅓ of the minerals in Section 36." (Emphasis supplied).

We find ourselves laboring under what must have been the same confusion of the trial court when he found that this instrument was "given by some one" to appellant Carl D. Estes, Sr. We find numerous conflicting statements regarding the circumstances of delivery of this instrument, and the intention of the parties at such time, in the depositions and affidavit upon which this motion for summary judgment was submitted to the trial court—even in the testimony of each party himself. Yet the delivery of this deed (if it is a deed) is a matter of basic importance to the sufficiency of the instrument itself to serve as a deed.

"To render a deed effective it must be delivered into the control of the grantee with intent of the grantor that it shall become operative as a conveyance. The proof must show both an intention on the part of the grantor to deliver the deed as a conveyance of the property and a mutual and concurrent intention on the part of the grantee to accept it as a conveyance of the property, before it can be said as a matter of law that the delivery is complete * * *. It (delivery) is the final act, without which all other formalities are ineffectual." (19 Tex.Jur.2d 358).

And the question of whether there has been an actual delivery of the instrument under the circumstances necessary to constitute it a deed is a question of fact to be determined by the trier of the facts—a court or jury. Goodman v. Goodman, 363 S.W.2d 893 (Tex.Civ.App., 1962, n. w. h.). We feel that the conflicting testimony of the parties raised a question of fact, and we must here say, as the Supreme Court said in Pierce v. Reynolds, 160 Tex. 198, 329 S.W.2d 76 (1959): "* * * summary

judgment may not properly be granted even on the testimony of the opposite party when that testimony will support either of two contrary conclusions with respect to a material issue of fact."

We feel, and hold, that there are in this record conflicts in testimony that raise questions of fact on various issues such as the one commented on above, which require determination by the trier of the facts and which cannot, therefore, support a summary judgment.

The judgment of the trial court granting the summary judgment is reversed and this cause remanded for trial.