Carl D. ESTES, Sr., Appellant,

v.

Gld REDING, Appellee.

No. 5755.

Court of Civil Appeals of Texas.

El Paso.

Dec. 8, 1965.

Rehearing Denied Jan. 5, 1966.

Ed Keys, Monahans, for appellant.

Johnson & Dionne, Fort Stockton, for appellee.

PRESLAR, Justice.

Appellee Gid Reding, as plaintiff in the trial court, filed this suit against appellant Carl D. Estes, Sr. to have a certain deed from appellee as grantor, to appellant as grantee, declared void, and for the removal of the cloud cast by its recording on appellee's title to a portion of the property described in the deed. The deed, dated May 20, 1953, purported to convey the surface of Tract 5 of Section 36 (some 70 acres) and ⅛th of the minerals under all of Section 36. Consideration of $7,200.00 was paid. Out of the transactions of the parties, a second deed to Tract 5 was executed by Reding on October 7, 1953, to the Veterans Land Board of the State of Texas, for resale to appellant's son, Carl D. Estes, Jr. At the time of the first deed Reding owned ⅛th of the minerals under Tract 5, but he acquired all of the minerals thereunder between that time and the time of the second deed, and conveyed them to the Veterans Land Board, but reserved unto himself a ¹⁄₁₆th royalty. Therein lies the beginning of the problem, for in 1963 Estes placed the first deed of record and claims under it ⅛th of the ¹⁄₁₆th minerals reserved by Reding in the second deed—¹⁄₁₄₄th of the minerals under Tract 5. The question before us is the validity of that first deed, and secondly, if it is good as between the parties, whether Estes is estopped to claim its benefits because of his role in the subsequent transactions.

The case was previously before us on appeal from a summary judgment in favor of Reding, and this court reversed because of fact questions concerning delivery of the deed. (Estes v. Reding, 377 S.W.2d 233). It is now before us after trial before a jury, and we are of the opinion that the findings of the jury as to delivery support the judgment declaring the deed void.

In our opinion on the prior appeal of this case we set out the general law on the question of delivery with this quotation from Texas Jurisprudence:

"To render a deed effective it must be delivered into the control of the grantee with intent of the grantor that it shall become operative as a conveyance. The proof must show both an intention on the part of the grantor to deliver the deed as a conveyance of the property and a mutual and concurrent intention on the part of the grantee to accept it as a conveyance of the property, before it can be said as a matter of law that the delivery is complete * * * It (delivery) is the final act, without which all other formalities are ineffectual." (19 Tex.Jur.2d 358).

To that, we would add that to complete a delivery in its legal sense, two elements are essential—the instrument must not only be placed within the control of the grantee, but this must be done by the grantor with the intention that it should become operative as a conveyance. Steffian, Ex'x v. Milmo Nat. Bank, 69 Tex. 513, 518, 6 S.W. 823 (1888); Sgitcovich v. Sgitcovich, Tex.Civ. App., 229 S.W.2d 183, 185 (wr. ref., n. r. e.; 1950); Hoerster v. Wilke, Tex.Civ.App.,

140 S.W.2d 952 (1940), aff'd. 138 Tex. 263, 158 S.W.2d 288; Kincheloe v. Kincheloe, Tex.Civ.App., 152 S.W.2d 851 (wr. ref., 1941); Mason v. University of the South, Tex.Civ.App., 212 S.W.2d 854 (wr. ref., n. r. e.; 1948).

In the case before us, the grantee did obtain control of the deed; exactly how or when is not clear, and is unimportant, for the jury found that when possession was obtained it was not the intention of the grantor to convey title to the grantee. It was also found by the jury that when possession was obtained, it was for the purpose of finding out whether the Veterans Land Board would buy the property for the grantee's son. Thus we have findings which, under the above authorities, make the deed of no effect. Delivery was not made with the intention that it should become operative as a conveyance, and its delivery was for a special purpose. Either finding would support the judgment. There was evidence before the jury that Estes was unable to finance the purchase, and wanted to try financing through the Veterans Land Board, but the parties were in doubt as to whether this would be approved by such Board because of the small amount of minerals owned under Tract 5, and that it was determined to try for approval of a deal on Tract 5 with ⅛th of the minerals under the entire section. That did not meet with success, and Reding then began negotiations to obtain all of the minerals under Tract 5. That was accomplished by a partition deed entered into by Reding with the other owners of minerals under the entire section, and it was with Estes' knowledge and, in fact, his offer to assist in the negotiations with the other owners. After acquiring all of the minerals under Tract 5, Reding entered into a contract to sell the tract to Estes' son (reserving therein ⅟₁₆th of the minerals), to be financed through the Veterans Land program. All of these negotiations were carried on by Estes himself, rather than his son, except for the actual execution of instruments in connection therewith, and out of such transactions the above-mentioned deed from Reding to the Veterans Land Board resulted. The consideration for the sale, $7,500.00, was turned over to Estes by Reding in repayment of the consideration paid by Estes under the first deed.

Appellant cites Cowden v. Bell, 157 Tex. 44, 300 S.W.2d 286, but we are of the opinion that that case is not here in point. Briefly, that case stands for the proposition that where a valid conveyance is made, a subsequent parol agreement to reconvey is unenforcible under the statute of frauds. The court specifically pointed out that the conveyance was valid: "The deed to Bell, however, was not delivered to the latter in person, but to Dawson on his behalf, although, as stated, there is no question about the effectiveness of this conveyance." (300 S.W.2d at page 287). In our case the deed was not an effective conveyance in the first instance under the findings of the jury and the applicable law.

Since the deed in question has been found to be void, there is no need to consider the question of estoppel to claim under it, which we posed in the beginning.

■ Appellant assigns as error the overruling of his motions in limine, the submission of special issues to the jury, and the failure of the court to grant his motion for directed verdict. As to each of these the contention is made that the deed expressed the agreement of the parties and parol evidence was not admissible, and that which was admitted was therefore incompetent, and no fact issue resulted. The issues submitted were on the facts surrounding delivery and the question of estoppel. As pointed out, the question of estoppel to claim the benefits of the deed is not reached, when the deed is void, and so the evidence admitted on the question of estoppel could not be reversible error under our holding that the deed is void. In admitting evidence on the facts and circumstances of delivery, the court did not err. The question of delivery of a deed is one of fact for a court or jury. Towery v. Henderson, 60 Tex. 291; Chas-

teen v. Miller, Tex.Civ.App., 349 S.W.2d 772 (er. ref., n. r. e.); Goodman v. Goodman, Tex.Civ.App., 363 S.W.2d 893.

We have considered appellant's other points of error, and finding them without merit, they are accordingly overruled and the judgment is affirmed.