**MAJESTIC BUILDING CORP.,
Appellant,**

**v.**

**Franklin N. McCLELLAND et
ux., Appellees.**

**No. 16953.**

Court of Civil Appeals of Texas,
Houston (1st Dist.).

Dec. 1, 1977.

Thomas D. White, Houston, for appellant.

William W. Bivin, Kingwood, for appellees.

EVANS, Justice.

This is an appeal from a take-nothing summary judgment rendered against the plaintiff Majestic Building Corp. in an action against defendants Franklin and Dorothy McClelland for foreclosure of a mechanic's and materialmen's lien on certain land which the McClellands acquired subsequent to the work and the filing of the mechanic's lien affidavit. The trial court concluded that the McClellands held superior title to the land by virtue of a foreclosure sale under a prior recorded deed of trust and that Majestic's mechanic's and materialmen's lien claim was invalid.

In its original petition Majestic alleged that pursuant to an agreement made in February 1976, it had furnished labor and material of the reasonable market value of $53,151.81 for the repair and remodelling of a house which was located on land owned by Azalea Construction Company. It

claimed that it had established its lien by recording a lien affidavit on August 24, 1976, and that the McClellands had acquired title to the property under a deed dated September 7, 1976 from Harold Gene Smith, allegedly delivered at 10:00 a. m. on November 2, 1976. Attached to and incorporated by reference in the petition is a photocopy of a conveyance from Smith to the McClellands containing the provision: "This conveyance is subject to any indebtedness recorded against said described property."

The McClellands answered and filed motion for summary judgment alleging their title to the land by virtue of a foreclosure sale held on November 2, 1976 and a trustee's conveyance dated November 4, 1976. In their motion and by supporting affidavits the McClellands stated that their title to the property was acquired under a deed of trust dated April 15, 1975 and recorded April 22, 1975 and that the foreclosure sale on November 2, 1976 effectively cut off all liens and claims established subsequent to the recording of their deed of trust. In his supporting affidavit McClelland states that neither he nor his wife accepted a deed from Harold Gene Smith, or authorized anyone to accept a deed on their behalf, and that the deed had never been delivered to him or to his wife. The McClellands' attorney also filed an affidavit stating that he had not accepted title to the property on behalf of the McClellands and that he had no authority to do so.

On the day of the hearing of the motion for summary judgment, Majestic filed an answer to the McClellands' motion and attached a supporting affidavit of its attorney and of Harold Gene Smith. In his affidavit, Mr. Smith states that the McClellands had been having trouble obtaining the monthly payments due under their note from Azalea Construction Company Inc., and that an agreement had been made between the McClellands and Majestic whereby Smith would take title to the property, make the payments on the note and also make a cash payment in the sum of $5200.00 which included a cash payment to the McClellands' attorney and the amount due as back taxes on the property. Mr.

Smith further states that he delivered the check representing the cash payment to the McClellands' attorney and that in consideration for his payment, the McClellands agreed not to foreclose under the deed of trust until at least November 6, 1976. He further states that it was agreed that he would leave his executed deed covering the property with McClellands' attorney upon the understanding that if he did not pay off the balance of the note the deed would be delivered to McClellands' attorney. He states that because of the actions of the McClellands and their attorney, he was unable to pay the balance due on the note and in order to honor his agreement and to keep from damaging his reputation by foreclosure, he directed Majestic's attorney to deliver the deed to McClellands' attorney and that the deed was delivered at 9:40 a. m. on November 2, 1976.

■ The McClellands by cross-point question the propriety of the trial court's consideration of Majestic's response to their motion for summary judgment because the response was not submitted to the court and opposing counsel at least one day prior to the hearing as specified by Rule 166A(c) Texas Rules of Civil Procedure. It has been held that this provision is directory only, and the record does not reflect the trial court abused its discretion in considering Majestic's summary judgment proof presented on the day of the hearing. *Lindley v. Smith*, 524 S.W.2d 520, 523 (Tex.Civ. App.—Corpus Christi 1975, no writ); *Axcell v. Phillips*, 473 S.W.2d 554, 560 (Tex.Civ. App.—Houston [1st Dist.] 1971, writ ref'd n. r. e.). The cross-point will, therefore, be denied.

■ The principal question for this court is whether there are material facts in dispute which should be determined by the trier of fact. *Houston Pipeline Co. v. Dwyer*, 374 S.W.2d 662 (Tex.1964). It is well established that the summary judgment proceeding cannot be used to decide issues of fact, but rather to ascertain if any genuine issues of material fact exist. *Quarles v. Traders and General Ins. Co.*, 340

S.W.2d 545 (Tex.Civ.App.—Houston 1960, writ dism'd).

In considering whether a genuine issue of material fact is shown by the summary judgment proof, this court must review the evidence in a light most favorable to the party against whom the judgment was rendered. *Kimberly Development Corp. v. First State Bank*, 404 S.W.2d 631 (Tex.Civ. App.—Houston [1st Dist.] 1966, writ ref'd n. r. e.).

A material issue in the case at bar is whether there was an effective delivery and acceptance of the Smith deed. This issue is material to the ultimate determination of whether the McClellands acquired title to the land subject to the lien held by Majestic.

Whether a conveyance has in fact been delivered is a matter for determination by the trier of fact. *Williams v. Anderson*, 414 S.W.2d 731 (Tex.Civ.App.—Dallas 1967, no writ). If a genuine fact issue exists concerning the circumstances of delivery, the issue cannot be determined by summary judgment proceedings. *Estes v. Reding*, 377 S.W.2d 233 (Tex.Civ.App.—El Paso 1964, writ ref'd n. r. e.).

The McClellands contend that the question of the sufficiency of the facts necessary to constitute acceptance of a deed is a question of law to be determined by the court. The McClellands cite *Chandler v. Hartt*, 467 S.W.2d 629 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.), wherein the court stated:

"While the ascertainment of whether there was in fact a delivery and acceptance of the deed in question is for the jury, the sufficiency of the facts necessary to constitute acceptance of a deed is a question of law for the court."

The holding in the *Chandler* case is inapplicable to the instant case because the question here does not involve the sufficiency of the evidence, but rather whether the evidence raises a genuine issue of fact concerning the delivery and acceptance of the deed in question. Whether a particular set of facts constitutes an effective delivery is a question of law, but the question of whether there has, in fact, been a delivery is a question which must be decided by the trier of fact. *Kuhn v. Downs*, 208 S.W.2d 154 (Tex.Civ.App.—Waco 1948, writ ref'd n. r. e.).

The facts in the case at hand bear close resemblance to those before the court in *Tanner v. Doty*, 311 S.W.2d 508 (Tex.Civ. App.—Fort Worth 1958, writ ref'd n. r. e.). In that case a landowner had informed his mortgagee that he could not pay the mortgage indebtedness and that he desired to surrender the property. The mortgagee caused a deed to be prepared and forwarded to the owner for execution upon the consideration that the remaining indebtedness would be canceled. The mortgagee thereafter brought suit to foreclose the lien and to recover the debt, and in response to the landowner's motion for summary judgment, the mortgagee contended that although he had received the landowner's deed in the mail, it had never been accepted by him. The trial court's judgment in favor of the landowner was reversed on appeal, the court holding that a fact issue was presented as to whether there was an effective delivery and acceptance of the conveyance. In per curiam opinion the court stated:

"Where an issue is raised the proof must indisputably show both an intention on the part of the grantor to deliver the deed as a conveyance of the property and a mutual and concurrent intention on the part of the grantee to accept the same as a conveyance of the property before it could be said as a matter of law that delivery was complete. What constitutes delivery essential to pass title is a question of law, but whether there has been in fact a delivery is for the trier of fact." 311 S.W.2d 510.

The summary judgment proof in the case at bar shows that a genuine issue of material fact exists as to the effective delivery of the Smith deed to the McClellands. The McClellands' motion for summary judgment was therefore improperly granted. *Estes v. Reding*, supra.

There is an additional reason why the summary judgment must be reversed upon the record before this court.

 A mechanic's and materialman's lien is deemed superior to a prior recorded deed of trust lien where the improvements can be removed without material injury to the land or to pre-existing improvements. *First Nat'l Bank in Dallas v. Whirlpool Corp.*, 517 S.W.2d 262, 269 (Tex.1974); *American Amicable Life Ins. Co. v. Jay's Air Conditioning and Heating, Inc.*, 535 S.W.2d 23, 25 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.). Since the summary judgment proof does not establish the nature of the improvements made by Majestic, or whether such improvements could be removed without material damage to the land or to pre-existing improvements, the evidence does not establish as a matter of law that the mechanic's lien was inferior to the prior recorded deed of trust. In this summary proceeding the burden was upon the McClellands to establish as a matter of law that there was no genuine issue of fact as to one or more elements of Majestic's cause of action. *Gibbs v. General Motors Corporation*, 450 S.W.2d 827 (Tex.1970). This the McClellands failed to do.

The judgment of the trial court is reversed and the cause is remanded.