TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-03-00728-CV






Victoria Fountain, Appellant


v.


Scott Fountain, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT

NO. FM201587, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N



 This is an appeal from a post-answer default judgment of divorce that the trial court
entered in favor of Scott Fountain ("Scott") against Victoria Fountain ("Victoria"). In her first point
of error, Victoria contends that the trial court abused its discretion when it overruled her motion for
new trial. In her remaining point, Victoria claims the trial court also abused its discretion when it
granted Scott leave to file an untimely response and affidavit over her objection. We will affirm the
judgment of the trial court.


FACTUAL AND PROCEDURAL BACKGROUND

 In 2002, Scott filed for divorce from Victoria, and Victoria countersued for divorce. 
Both parties contended that the other was guilty of committing family violence. In April 2003, the
court entered a temporary order that granted both parties joint custody of their daughter. The divorce
proceeding was set for later that year.

 Five days before the divorce proceeding was set, the trial court approved Victoria's
motion for withdrawal of counsel, but in the order the court reminded Victoria that the proceeding
would nevertheless occur five days later. Victoria did not retain counsel before the proceeding. 

 Victoria claims that, on the night before the proceeding was scheduled, Scott called
her, threatened her, reminded her that he was an ex-police officer, and stated that Victoria was "not
going to like what [he was] going to do." Also, Victoria asserts that she heard Scott's girlfriend in
the background threatening to call the police and asserts that Scott had the police come to her house
on seventeen prior occasions for frivolous reasons. Further, Victoria contends that twenty minutes
after the phone call from Scott, the police arrived at her house and arrested her for possession of a
whipped-cream inflator, which can be used to inhale nitrous oxide. Victoria claims she was in jail
on the day of the Fountains' divorce proceeding. In addition, Victoria insists Scott was aware of the
fact that she was incarcerated at the time of the trial.

 Scott denies calling the police or threatening Victoria. Further Scott contends that
when the police were called to Victoria's residence in the past, it was Victoria's and Scott's daughter
who called the police because Victoria was abusing nitrous oxide. In addition, Scott claims Victoria
stated she intended to delay the trial by either hiring another lawyer to postpone the proceedings or
by not showing up for trial.

 Because Victoria's attorney had withdrawn from the case five days prior to the
proceeding and because Victoria had not retained new counsel, Victoria was not represented at the
divorce proceeding. Consequently, the trial court granted a default judgment and entered a final
decree of divorce.

 After the divorce decree was entered, Victoria retained new counsel who filed a
motion to set aside the default judgment and a motion for new trial. The motion was accompanied
by Victoria's affidavit. A hearing was set to rule on Victoria's motion, and Victoria's counsel 
attended the hearing, but Victoria did not. 

 Almost an hour after the hearing on the motion began, Scott filed and served his
answer to Victoria's motion for a new trial. At the hearing, Victoria's counsel objected to the trial
court granting Scott leave to file his untimely response. The court overruled the objection. After
hearing oral argument, the trial court denied Victoria's motion to set aside the default judgment and
her motion for a new trial. Victoria now appeals the trial court's allowing Scott to file his response
and its order denying her motion for new trial.


DISCUSSION

Motion for New Trial

 Trial courts possess broad discretion in ruling on motions for new trial. Champion
Int'l Corp. v. Twelfth Court of Appeals, 762 S.W.2d 898, 899 (Tex. 1988). When reviewing matters
committed to the trial court's discretion, a court of appeals may not substitute its own judgment for
the trial court's judgment. Walker v. Gutierrez, 111 S.W.3d 56, 63 (Tex. 2004). We review a denial
of a motion for new trial for an abuse of discretion. Cliff v. Huggins, 724 S.W.2d 778, 778-79 (Tex.
1987); Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc., 143 S.W.3d 538, 542
(Tex. App.--Austin 2004, no pet. h.). A trial court abuses its discretion when it acts arbitrarily or
unreasonably and without regard to guiding rules or principles. Mercedes-Benz Credit Corp. v.
Rhyne, 925 S.W.2d 664, 666 (Tex. 1996). 

 In order for a motion for new trial to be granted, the following three requirements
must be present: (1) the failure of a party to appear for trial must not have been intentional or the
result of conscious indifference on the party's part but due to a mistake or accident, (2) the motion
for a new trial must set up a meritorious defense, and (3) the granting of a new trial must not have
caused the other party delay or otherwise work an injury to him. Craddock v. Sunshine Bus Lines,
Inc., 133 S.W.2d 124, 126 (Tex. 1939). When all three elements of the Craddock test are met, it is
an abuse of discretion not to grant a new trial. Bank One, Texas, N.A. v. Moody, 830 S.W.2d 81, 85
(Tex. 1992). The Craddock test applies to post-answer default judgments, see Wiseman v. Levinthal,
821 S.W.2d 439, 441 (Tex. App.--Houston [1st Dist.] 1991, no pet.), which occurs when, as in this
case, the defendant has filed an answer but does not appear at trial. Stoner v. Thompson, 578 S.W.2d
679, 682 (Tex. 1979). 

 Victoria contends that her failure to appear at the divorce proceeding was not the
result of intentional conduct or conscious indifference on her part; rather, she asserts, her failure to
appear was a mistake because she was incarcerated at the time of the proceeding. The issue of
whether there was a mistake or accident is considered only when an accident or mistake may negate
intentional or consciously indifferent conduct. Moody, 830 S.W.2d at 84. The determination of
whether a failure to appear is intentional or is the result of conscious indifference turns on the
knowledge and acts of the defendant, Strackbrein v. Prewitt, 671 S.W.2d 37, 38-39 (Tex. 1984), and
whether the excuses fall short of what a person of reasonable sensibilities would do under the same
or similar circumstances. O'Connell v. O'Connell, 843 S.W.2d 212, 218 (Tex. App.--Texarkana
1992, no writ).

 In this case, Victoria knew and was provided with notice from the trial court in the
order granting the withdrawal of counsel that the proceeding would go forward on September 2,
2003, but she did not retain counsel in the intervening five days. See O'Connell, 843 S.W.2d at 218
(conscious indifference requirement not met when aware trial set, when aware counsel had
withdrawn, and made no attempt to obtain new counsel). Further, there is no indication in the record
that, after her arrest, Victoria attempted to contact her previous attorney, a new attorney, or any
individual to represent her at the divorce proceeding or to inform the court of her situation. These
actions fall short of what a person of reasonable sensibilities would do under the same or similar
circumstances.

 We cannot conclude that the trial court acted arbitrarily or unreasonably and without
regard to guiding rules or principles especially when, as here, there was no documentary evidence
presented to the trial court that Victoria had actually been arrested or incarcerated during the divorce
proceeding and because Scott denied any involvement in the arrest. We find that Victoria has not
met the first requirement of Craddock because she has failed to establish that her failure to appear
was not intentional or the result of conscious indifference on her part. As a result, it is unnecessary
for us to consider whether Victoria met the other Craddock requisites. We find that the trial court
did not abuse its discretion in denying Victoria's motion for new trial and overrule Victoria's first
point.


Untimely Response and Affidavit 

 In her final point of error, Victoria claims the trial court abused its discretion when
it granted Scott leave to file an untimely response and affidavit after Victoria timely objected. We
review a determination by a trial court to either grant or refuse to grant leave to file untimely
responses and affidavits under an abuse of discretion standard. See White v. Independence Bank,
N.A., 794 S.W.2d 895, 900 (Tex. App.--Houston [1st Dist.] 1990, pet. denied). The trial court's
ruling will not be disturbed unless the record shows a clear abuse of discretion. See id. An abuse
of discretion standard is a flexible standard, see id., meaning trial courts are given significant leeway
to determine whether to grant leave to file an untimely response. Compare Majestic Bldg. Corp. v.
McClelland, 559 S.W.2d 883, 884 (Tex. Civ. App.--Houston [1st Dist.] 1977, no writ) (not an abuse
of discretion to consider responses and affidavits filed late) with Yates v. Equitable General Ins. Co.,
672 S.W.2d 822, 827 (Tex. App.--Houston [1st Dist.]), aff'd., 84 S.W.2d 669 (Tex. 1984) (not an
abuse of discretion to refuse an untimely response). 

 We have reviewed Scott's response to Victoria's motion for new trial and his
accompanying affidavit. With the exception of a claim for attorney's fees incurred in preparing the
response, neither of these documents address issues not already raised. The trial court did not abuse
its discretion by allowing Scott to file the untimely response and affidavit. Therefore, Victoria's
second point of error is overruled.

CONCLUSION

 Because we overrule all of Victoria's issues on appeal, we affirm the judgment of the
trial court.



 __________________________________________

 Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed: January 21, 2005