# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-03-00728-CV

Victoria Fountain, Appellant

v.

Scott Fountain, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
NO. FM201587, HONORABLE SCOTT H. JENKINS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

This is an appeal from a post-answer default judgment of divorce that the trial court entered in favor of Scott Fountain ("Scott") against Victoria Fountain ("Victoria"). In her first point of error, Victoria contends that the trial court abused its discretion when it overruled her motion for new trial. In her remaining point, Victoria claims the trial court also abused its discretion when it granted Scott leave to file an untimely response and affidavit over her objection. We will affirm the judgment of the trial court.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Scott filed for divorce from Victoria, and Victoria countersued for divorce. Both parties contended that the other was guilty of committing family violence. In April 2003, the

court entered a temporary order that granted both parties joint custody of their daughter. The divorce proceeding was set for later that year.

Five days before the divorce proceeding was set, the trial court approved Victoria's motion for withdrawal of counsel, but in the order the court reminded Victoria that the proceeding would nevertheless occur five days later. Victoria did not retain counsel before the proceeding.

Victoria claims that, on the night before the proceeding was scheduled, Scott called her, threatened her, reminded her that he was an ex-police officer, and stated that Victoria was "not going to like what [he was] going to do." Also, Victoria asserts that she heard Scott's girlfriend in the background threatening to call the police and asserts that Scott had the police come to her house on seventeen prior occasions for frivolous reasons. Further, Victoria contends that twenty minutes after the phone call from Scott, the police arrived at her house and arrested her for possession of a whipped-cream inflator, which can be used to inhale nitrous oxide. Victoria claims she was in jail on the day of the Fountains' divorce proceeding. In addition, Victoria insists Scott was aware of the fact that she was incarcerated at the time of the trial.

Scott denies calling the police or threatening Victoria. Further Scott contends that when the police were called to Victoria's residence in the past, it was Victoria's and Scott's daughter who called the police because Victoria was abusing nitrous oxide. In addition, Scott claims Victoria stated she intended to delay the trial by either hiring another lawyer to postpone the proceedings or by not showing up for trial.

Because Victoria's attorney had withdrawn from the case five days prior to the proceeding and because Victoria had not retained new counsel, Victoria was not represented at the

2

divorce proceeding. Consequently, the trial court granted a default judgment and entered a final decree of divorce.

After the divorce decree was entered, Victoria retained new counsel who filed a motion to set aside the default judgment and a motion for new trial. The motion was accompanied by Victoria's affidavit. A hearing was set to rule on Victoria's motion, and Victoria's counsel attended the hearing, but Victoria did not.

Almost an hour after the hearing on the motion began, Scott filed and served his answer to Victoria's motion for a new trial. At the hearing, Victoria's counsel objected to the trial court granting Scott leave to file his untimely response. The court overruled the objection. After hearing oral argument, the trial court denied Victoria's motion to set aside the default judgment and her motion for a new trial. Victoria now appeals the trial court's allowing Scott to file his response and its order denying her motion for new trial.

## DISCUSSION

**Motion for New Trial**

Trial courts possess broad discretion in ruling on motions for new trial. *Champion Int'l Corp. v. Twelfth Court of Appeals*, 762 S.W.2d 898, 899 (Tex. 1988). When reviewing matters committed to the trial court's discretion, a court of appeals may not substitute its own judgment for the trial court's judgment. *Walker v. Gutierrez*, 111 S.W.3d 56, 63 (Tex. 2004). We review a denial of a motion for new trial for an abuse of discretion. *Cliff v. Huggins*, 724 S.W.2d 778, 778-79 (Tex.

3

1987); *Limestone Constr., Inc. v. Summit Commercial Indus. Props., Inc.*, 143 S.W.3d 538, 542 (Tex. App.—Austin 2004, no pet. h.). A trial court abuses its discretion when it acts arbitrarily or unreasonably and without regard to guiding rules or principles. *Mercedes-Benz Credit Corp. v. Rhyne,* 925 S.W.2d 664, 666 (Tex. 1996).

In order for a motion for new trial to be granted, the following three requirements must be present: (1) the failure of a party to appear for trial must not have been intentional or the result of conscious indifference on the party's part but due to a mistake or accident, (2) the motion for a new trial must set up a meritorious defense, and (3) the granting of a new trial must not have caused the other party delay or otherwise work an injury to him. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). When all three elements of the *Craddock* test are met, it is an abuse of discretion not to grant a new trial. *Bank One, Texas, N.A. v. Moody*, 830 S.W.2d 81, 85 (Tex. 1992). The *Craddock* test applies to post-answer default judgments, *see Wiseman v. Levinthal*, 821 S.W.2d 439, 441 (Tex. App.—Houston [1st Dist.] 1991, no pet.), which occurs when, as in this case, the defendant has filed an answer but does not appear at trial. *Stoner v. Thompson*, 578 S.W.2d 679, 682 (Tex. 1979).

Victoria contends that her failure to appear at the divorce proceeding was not the result of intentional conduct or conscious indifference on her part; rather, she asserts, her failure to appear was a mistake because she was incarcerated at the time of the proceeding. The issue of whether there was a mistake or accident is considered only when an accident or mistake may negate intentional or consciously indifferent conduct. *Moody*, 830 S.W.2d at 84. The determination of whether a failure to appear is intentional or is the result of conscious indifference turns on the

4

knowledge and acts of the defendant, *Strackbrein v. Prewitt*, 671 S.W.2d 37, 38-39 (Tex. 1984), and whether the excuses fall short of what a person of reasonable sensibilities would do under the same or similar circumstances. *O'Connell v. O'Connell*, 843 S.W.2d 212, 218 (Tex. App.—Texarkana 1992, no writ).

In this case, Victoria knew and was provided with notice from the trial court in the order granting the withdrawal of counsel that the proceeding would go forward on September 2, 2003, but she did not retain counsel in the intervening five days. *See O'Connell,* 843 S.W.2d at 218 (conscious indifference requirement not met when aware trial set, when aware counsel had withdrawn, and made no attempt to obtain new counsel). Further, there is no indication in the record that, after her arrest, Victoria attempted to contact her previous attorney, a new attorney, or any individual to represent her at the divorce proceeding or to inform the court of her situation. These actions fall short of what a person of reasonable sensibilities would do under the same or similar circumstances.

We cannot conclude that the trial court acted arbitrarily or unreasonably and without regard to guiding rules or principles especially when, as here, there was no documentary evidence presented to the trial court that Victoria had actually been arrested or incarcerated during the divorce proceeding and because Scott denied any involvement in the arrest. We find that Victoria has not met the first requirement of *Craddock* because she has failed to establish that her failure to appear was not intentional or the result of conscious indifference on her part. As a result, it is unnecessary for us to consider whether Victoria met the other *Craddock* requisites. We find that the trial court

5

did not abuse its discretion in denying Victoria's motion for new trial and overrule Victoria's first point.

**Untimely Response and Affidavit**

In her final point of error, Victoria claims the trial court abused its discretion when it granted Scott leave to file an untimely response and affidavit after Victoria timely objected. We review a determination by a trial court to either grant or refuse to grant leave to file untimely responses and affidavits under an abuse of discretion standard. *See White v. Independence Bank, N.A.,* 794 S.W.2d 895, 900 (Tex. App.—Houston [1st Dist.] 1990, pet. denied). The trial court's ruling will not be disturbed unless the record shows a clear abuse of discretion. *See id.* An abuse of discretion standard is a flexible standard, *see id.*, meaning trial courts are given significant leeway to determine whether to grant leave to file an untimely response. *Compare Majestic Bldg. Corp. v. McClelland*, 559 S.W.2d 883, 884 (Tex. Civ. App.—Houston [1st Dist.] 1977, no writ) (not an abuse of discretion to consider responses and affidavits filed late) *with Yates v. Equitable General Ins. Co.*, 672 S.W.2d 822, 827 (Tex. App.—Houston [1st Dist.]), *aff'd.*, 84 S.W.2d 669 (Tex. 1984) (not an abuse of discretion to refuse an untimely response).

We have reviewed Scott's response to Victoria's motion for new trial and his accompanying affidavit. With the exception of a claim for attorney's fees incurred in preparing the response, neither of these documents address issues not already raised. The trial court did not abuse its discretion by allowing Scott to file the untimely response and affidavit. Therefore, Victoria's second point of error is overruled.

6

**CONCLUSION**

Because we overrule all of Victoria's issues on appeal, we affirm the judgment of the trial court.

_____

Bea Ann Smith, Justice

Before Chief Justice Law, Justices B. A. Smith and Pemberton

Affirmed

Filed:   January 21, 2005

7