**Joe Ed GLOVER, Appellant,**

v.

**Bill ELLISTON dba Elliston-Archer Funeral Home, Appellee.**

No. 4809.

Court of Civil Appeals of Texas, Eastland.

Oct. 24, 1975.

Rehearing Denied Nov. 14, 1975.

Thomas F. Glover, Seymour, for appellant.

D. J. Brookreson, II, Clyde S. Boose, Seymour, for appellee.

McCLOUD, Chief Justice.

Bill Elliston, d/b/a Elliston-Archer Funeral Home, sued Joe Ed Glover, surviving husband of Evelyn Joyce Moore Glover, and Charles W. Reagan, Independent Executor of the Estate of Evelyn Joyce Moore Glover, deceased, on a sworn account for funeral expenses incurred in connection with the interment of Evelyn Joyce Moore Glover. Judgment was entered against Joe Ed Glover who has appealed. We affirm.

The jury found that the sum of $1,740 charged by Elliston for services rendered was reasonable and services were rendered and incurred upon the credit of Joe Ed Glover. No objections were made to the Court's charge.

The thrust of Glover's argument is he is not financially responsible for the funeral expenses because the will of his deceased wife provided, "I direct that my Executor hereinafter named pay all my just debts including the expenses of my last sickness and burial as soon as convenient." Glover was not a beneficiary under the will. He contends the funeral expenses are to be paid by the estate of his deceased wife.

Article 912a–20, Tex.Rev.Civ.Stats., provides:

"The right to control the disposition of the body of a deceased person, *unless other directions shall have been made therefor by the deceased,* shall be vested in, and the duty of interment *(and the liability for the reasonable cost of the interment)* of such deceased person shall devolve upon, his or her surviving wife or husband, or if there be no surviving wife or husband they shall vest in and devolve upon the surviving child or children of deceased, or if there be no surviving husband or wife or child of deceased, they shall vest in and devolve upon the surviving parent or parents of such deceased, or if there be no surviving husband, or wife or child or parent of such deceased, they shall vest in and devolve upon the person or persons respectively in the next degrees of kindred in the order named by the laws of Texas as entitled to succeed to the estate of said deceased." (Emphasis added).

Under Article 912a–20 the duty of interment and the liability for the reasonable cost devolved upon Joe Ed Glover. The phrase, "unless other directions shall have been made therefor by the deceased", refers to the right to control the disposition of the body of a deceased person, and such phrase does not permit a deceased person to alter the statutorily imposed liability for the reasonable cost of interment.

Texas Probate Code Ann. § 320 (1956), provides:

"(a) Estates of Decedents. Executors and administrators, when they have funds in their hands belonging to the estate, shall pay in the following order:

(1) Funeral expenses and expenses of last sickness, in an amount not to exceed One Thousand Dollars, if the claims therefor have been presented within sixty days from the original grant of letters testamentary or administration, but if not presented within such time, their payment shall be postponed until the allowances made to the widow and children, or to either, are paid."

Clearly the estate of a deceased person can be liable under certain circumstances for funeral expenses. This does not mean, however, that the person furnishing such services must look only to the estate for payment. Article 912a–20 creates liability on the part of certain persons for reasonable funeral expenses even though the estate might also be liable. *Johnson v. Weed,* 52 S.W.2d 917 (Tex.Civ.App.—Austin 1932, no writ); and *Goldberg v. Zellner,* 235 S.W. 870 (Tex.Com.App.1921).

Article 912a–20 provides that the surviving husband is liable for the reasonable cost of interment. The jury found the funeral expenses were reasonable. Elliston's testimony supports the finding.

We have considered all points of error and all are overruled. The judgment of the trial court is affirmed.