OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



June 7, 2000

The Honorable William C. Sowder
Lubbock County Criminal District Attorney
P.O. Box 10536
Lubbock, Texas 79408-3536

Opinion No. JC-0228

Re: Whether a county or a surviving relative must provide for the disposition of a deceased pauper's remains, and related questions   (RQ-0167-JC)

Dear Mr. Sowder:

Section 694.002 of the Health and Safety Code requires a county commissioners court to "provide for the disposition of the body of " a deceased pauper. *See* TEX. HEALTH & SAFETY CODE ANN. § 694.002 (Vernon Supp. 2000). Section 711.002 of the same code requires a person of the decedent's choosing or a surviving relative to inter the remains of a decedent and to be "liable for the reasonable cost of interment." *Id.* § 711.002(a). You ask whether, given these two statutes, it is the responsibility of the county under section 694.002 to pay to dispose of a pauper's remains or the responsibility of a person listed in section 711.002(a). *See* Letter from Honorable William C. Sowder, Lubbock County Criminal District Attorney, to Opinion Committee, Office of the Attorney General (Dec. 20, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"]. We conclude that the county is responsible for the expenses in accordance with rules of the commissioners court.

You ask three additional questions. You ask whether the Lubbock County General Assistance Agency may seize an indigent decedent's assets to cover the cost of burial. *Id.* at 1. It may not. You ask next whether, if we conclude that surviving relatives do not bear primary responsibility for the costs of disposing of a pauper's remains under section 711.002, a county may receive donations toward interment or cremation expenses from the relatives. *Id.* at 1. It may. *See* TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2000). You ask finally whether funds received toward the costs of interment or cremation should be deposited into a county's general fund or "with" the county's "General Assistance Agency." *See* Request Letter, *supra*, at 1. The funds should go into the county depository, but the county may allocate the funds to a special account for the General Assistance Agency. *See* TEX. LOC. GOV'T CODE ANN. § 113.021 (Vernon 1999).

You indicate that the General Assistance Agency, a department of Lubbock County, receives funds from the county through the county's general fund budgeting process. *See* Memorandum accompanying Request Letter, *supra*, at 1. The agency provides primarily for the disposition of remains of "indigent residents of Lubbock County and has a scheduled contribution amount based on the size of the decedent's family (if any) and income." *Id.* The county currently requires a

surviving spouse "to present any check he or she receives for the decedent's Social Security Lump Sum Death Benefit to the Agency as reimbursement." *Id.* On behalf of the Lubbock County General Assistance Agency, you ask us to clarify "whether it is the responsibility of Lubbock County or that of" a person listed in section 711.002(a) of the Health and Safety Code "to pay for burial costs when an individual is indigent but has surviving family members." *Id.* By "burial costs," we assume you mean disposition costs, which include the costs of burial, cremation, or donation to a medical facility. Neither section 694.002 nor section 711.002 pertain solely to burial costs.

Section 694.002 of the Health and Safety Code devolves upon a county commissioners court the duty to dispose of a deceased pauper's remains:

> (a) The commissioners court of each county shall provide for the disposition of the body of a deceased pauper. The commissioners court may adopt rules to implement this section.
>
> (b) The commissioners court shall consider any information, including the religious affiliation of the deceased pauper, provided by a person listed in Section 711.002(a).

TEX. HEALTH & SAFETY CODE ANN. § 694.002 (Vernon Supp. 2000). In 1894 a Texas Court of Civil Appeals described a county's responsibility to provide for the burial of deceased paupers under a statutory predecessor to section 694.002:

> [It is] incumbent on the county to provide for the burial of paupers; and this is a duty the county owes to every pauper, no matter whether he has been formally declared a pauper by the county or not. Whenever it is ascertained that a man has died, who was a pauper, it becomes the duty of the county to provide for his burial.

*McNorton v. Val Verde County*, 25 S.W. 653, 654 (Tex. Civ. App. 1894, no writ).

Section 711.002 provides for the disposition of a person's remains, not limited to the remains of a pauper:

> (a) Unless a decedent has left directions in writing for the disposition of the decedent's remains as provided in Subsection (g), the following persons, in the priority listed, have the right to control the disposition, including cremation, of the decedent's remains, shall inter the remains, and are liable for the reasonable cost of interment:
>
>> (1) the person designated in a written instrument signed by the decedent;

(2) the decedent's surviving spouse;

(3) any one of the decedent's surviving adult children;

(4) either one of the decedent's surviving parents;

(5) any one of the decedent's surviving adult siblings; or

(6) any adult person in the next degree of kinship in the order named by law to inherit the estate of the decedent.

. . . .

(d) A person listed in Subsection (a) has the right, duty, and liability provided by that subsection only if there is no person in a priority listed before the person.

(e) If there is no person with the duty to inter under Subsection (a) and:

(1) an inquest is held, the person conducting the inquest shall inter the remains; and

(2) an inquest is not held, the county in which the death occurred shall inter the remains.

TEX. HEALTH & SAFETY CODE ANN. § 711.002(a), (d), (e) (Vernon Supp. 2000). Section 711.002, according to a Texas Court of Civil Appeals, establishes a "statutorily imposed liability" for the reasonable cost of disposing of a decedent's remains. *See Glover v. Elliston*, 529 S.W.2d 119, 120 (Tex. Civ. App.–Eastland 1975, no writ).

Thus, under section 694.002, the body of a deceased pauper must be disposed of by a county. *See* TEX. HEALTH & SAFETY CODE ANN. § 694.002(a) (Vernon Supp. 2000). By contrast, under section 711.002, the body of a deceased pauper may be disposed of in accordance with the decedent's written wishes; by a person the decedent has chosen in a written and signed instrument; by a surviving relative; by a person who performs an inquest; or, if there is no inquest, by the county. *See id.* § 711.002(a), (d), (e).

We harmonize statutes if it is possible to do so. *See La Sara Grain Co. v. First Nat'l Bank of Mercedes*, 673 S.W.2d 558, 565 (Tex. 1984) (stating that courts are to harmonize statutes with relevant laws if possible). You suggest that sections 694.002 and 711.002 may be harmonized "logically by interpreting section 694.002 to require the County to bury only when the decedent has no surviving relatives under the statutory listing of section 711.002." *See* Memorandum

accompanying Request Letter, *supra*, at 3. This appears consistent with a construction this office appeared to adopt in 1996. Considering sections 694.002 and 711.002 together, this office stated that determining who is responsible for burial expenses depends upon the facts of the particular case:

> In the absence of a survivor who is statutorily responsible for burial, [*see* TEX. HEALTH & SAFETY CODE ANN. § 711.002(a), (d)], the county in which the death occurred must inter the remains unless an inquest is held, in which case the person conducting the inquest must inter the remains, *id.* § 711.002(e). In either event, the commissioners court is responsible for paying the burial expenses if the [decedent] is a pauper. *See id.* § 694.002.

Tex. Att'y Gen. LO-96-037, at 2.

We do not believe sections 694.002 and 711.002 can be so neatly harmonized. With respect to the body of a deceased pauper who is survived by a person listed in section 711.002(a), the statutes conflict irreconcilably: either the county is responsible and liable for disposition under section 694.002 in accordance with county rules or a person listed in section 711.002(a) is responsible and liable for disposition. Where two statutes conflict irreconcilably, we construe the more specific provision as an exception to the more general provision, unless the general provision was enacted later and the legislature's manifest intent is that the general provision prevail. *See* TEX. GOV'T CODE ANN. § 311.026(b) (Vernon 1998); Tex. Att'y Gen. Op. No. JC-0126 (1999) at 5. As between sections 694.002 and 711.002 of the Health and Safety Code, section 711.002 is the more general, applying on its face to the bodily remains of all persons, while section 694.002 is the more specific, applying only to the remains of deceased paupers.

Although section 711.002 was adopted after the more specific provision for paupers, we find no evidence of a "manifest intent" that it prevail over a more specific provision. The substance of section 711.002 originally was adopted in 1945, *see* Act of June 4, 1945, 49th Leg., R.S., ch. 340, § 20, 1945 Tex. Gen. Laws 559, 570, while the substance of section 694.002 was in existence at least as early as 1911. *See* Act approved Mar. 25, 1911, 32d Leg., R.S., ch. 116, 1911 Tex. Gen. Laws 236, 237 (enacted as article 2241(10), Revised Civil Statutes). The purposes for which the two statutes were adopted suggest that they had different purposes and that each was not intended to infringe upon the other. The statutory predecessor to section 694.002 was part of a statute detailing the powers of a commissioners court. *See id.*; *cf.* TEX. LOC. GOV'T CODE ANN. § 81.027 (Vernon Supp. 2000) (requiring commissioners court to provide for support of paupers); TEX. HEALTH & SAFETY CODE ANN. § 694.002 (Vernon Supp. 2000). The statutory predecessor to section 711.002, by contrast, was part of an act adopted to regulate cemeteries and cemetery corporations. *See* Act of June 4, 1945, 49th Leg., R.S., ch. 340, § 30, 1945 Tex. Gen. Laws 559, 574.

Furthermore, the history of various amendments to each provision recognizes the existence of the other. *See* Act of Mar. 21, 1991, 72d Leg., R.S., ch. 14, §§ 211, 213, 1991 Tex. Gen. Laws 42, 190 (amending sections 694.002 and 711.002, respectively); *Hearings on Tex. H.B. 2301 Before*

*the House Comm. on County Affairs*, 76th Leg., R.S. (Mar. 17, 1999) (exchange between Honorable Woodrow W. Gossam, Jr., Wichita County Judge, and unidentified representative; testimony of Jim Allison, General Counsel, County Judges & Commissioners Ass'n). From 1989 through 1999, section 694.002 expressly permitted a relative to object to cremation if that was the county's normal method of disposing of a pauper's remains. *See* Act of May 28, 1989, 71st Leg., R.S., ch. 937, § 1, art. 2351(7), 1989 Tex. Gen. Laws 4001, 4002 ("No pauper shall be cremated if a relative or friend expresses objection to this procedure."); Act of Mar. 21, 1991, 72d Leg., R.S., ch. 14, § 211, 1991 Tex. Gen. Laws 42, 190 ("A pauper may not be cremated if a relative or friend expresses objection to this procedure."). At the same time, under section 711.002, the surviving relative would be responsible for and liable for disposition of the pauper's remains, not the county. Even the current version of section 694.002(b) recognizes that one or more of the persons listed in section 711.002(a) might survive a deceased pauper and provide information to the county, although the county remains responsible to provide for disposition of the body in accordance with county rules. *See* TEX. HEALTH & SAFETY CODE ANN. § 694.002(b) (Vernon Supp. 2000).

We conclude that section 694.002 of the Health and Safety Code requires a county to take responsibility for disposing of a deceased pauper's remains in accordance with county rules, even when the deceased is survived by a person listed in section 711.002(a) of the Health and Safety Code. Thus, section 711.002(e)(2), which requires a county to inter the remains of a person who is not survived by a person listed in section 711.002(a) nor upon whom an inquest is not conducted, applies to decedents who are not paupers. To the extent Letter Opinion 96-037 suggests that a county is responsible for a deceased pauper's remains only if there are no surviving persons listed under section 711.002(a) of the Health and Safety Code, it is incorrect.

A county may specify by rule how it normally will determine the manner of disposition and how it will receive information from persons listed in section 711.002(a), as section 694.002(b) requires it to do. Whether the county permits a relative listed in section 711.002 to overrule the county's choice of disposition (which may be based upon economic considerations) and under what circumstances is a matter for the county to determine. A commissioners court may, for example, adopt a policy under which it will bury paupers whose relatives object to the less expensive options, donation or cremation, on religious grounds only if the relatives provide the difference between the cost of the county's normal choice and the higher cost of burial. *See id.; see also Hearings on H.B. 2301 Before the House Comm. on County Affairs*, 76th Leg., R.S. (Mar. 17, 1999) (statement of Representative Farabee) (estimating normal cost of burial as $1,200 and normal cost of cremation as $800); *id.* (exchange between Representative Brown and Representative Farabee).

Your first question appears to presume that a deceased pauper's remains may be disposed of only by "burial." *See* Request Letter, *supra*, at 1. Whether a county normally disposes of remains by burial, by donating the body to a medical facility, or by cremating the body is a matter for the commissioners court to determine. Section 694.002 allows a county to adopt any of these means of disposal. *See* TEX. HEALTH & SAFETY CODE ANN. § 694.002 (Vernon Supp. 2000). In addition, whether a county that has decided normally to cremate paupers' remains will except from this policy

deceased paupers whose relatives object on religious grounds is a matter for the commissioners court to determine.

You ask second about the Lubbock County General Assistance Agency's authority to seize an indigent decedent's assets to cover the costs of "burial" (or, we presume, donation or cremation of the body). *See* Request Letter, *supra*, at 1. We find none. The General Assistance Agency, as an agency of the county, may have no more power than the delegating county has. A county commissioners court, a court of limited jurisdiction, may exercise only those powers that the state constitution and statutes confer upon it, either explicitly or implicitly. *See* Tex. Att'y Gen. Op. No. JC-0171 (2000) at 1. While a commissioners court is explicitly directed to provide for the disposition of deceased paupers' remains, it has no authority to seize a decedent's (or anyone else's) assets to reimburse the county for performing its statutory duty in this regard. Accordingly, the General Assistance Agency also may not seize assets to cover costs associated with the disposition of a deceased pauper's remains.

With respect to the General Assistance Agency's current requirement that a surviving spouse pay over to the Agency any Social Security lump-sum death benefit, it appears that the death benefit is not an asset of the decedent's estate but a payment to which the surviving spouse may have an entitlement. *See* 42 U.S.C. § 402(i); *cf.* 101 N.Y. JUR. 2D *Taxation & Assessment* § 1955 (1992) (indicating that decedent, at time of death, has "no property interest" in Social Security funds payable to beneficiaries). Section 402(i), 42 U.S.C., "no longer provides for the payment of a [lump-sum death payment] to the person who paid the deceased worker's funeral expenses." Social Security Ruling 85-24a.[1] We thus find nothing authorizing a county, or the General Assistance Agency, to require a surviving spouse to pay over any Social Security lump-sum death benefit.

The legislature considered, but did not adopt, a revision in 1997 that suggests a belief, at least by some legislators, that the law does not currently permit a county to reimburse itself from a pauper's estate. The legislation would expressly have allowed a county, in certain circumstances, to collect reimbursement for "support of paupers" from the pauper's estate. *See* Tex. H.B. 1514, 75th Leg., R.S. (1997) (House Comm. Report, Amendment No. 1). The Bill Analysis for House Bill 1514 stated, "The county does not have a mechanism for reimbursement by the estate of the pauper for its services to a pauper." HOUSE COMM. ON PUBLIC HEALTH, BILL ANALYSIS, Tex. H.B. 1514, 75th Leg., R.S. (1997). We cannot draw any conclusions from a legislative failure to adopt a certain law, however. *See Garcia v. State*, 829 S.W.2d 796, 799 (Tex. Crim. App. 1992) (en banc) ("The suggestion that some motive can reliably be inferred from the failure of a legislature to enact certain laws . . . is not only tenuous, but dangerous, for it supplants orthodox democratic institutions with a judicial oligarchy.").

Next, you ask whether, if we determine that the relatives listed in section 711.002 of the Health and Safety Code "do not bear primary responsibility for the costs of" a deceased pauper's "burial [or other disposition] under section 711.002," they may "donate funds toward the burial

---

[1] *See* Internet site: <http://www.ssa.gov/search97cgi/s97. . .esultStart%3D1%26ResultCount%3D20&>.

expense." Request Letter, *supra*, at 1. Section 81.032 of the Local Government Code specifically permits a commissioners court to accept a donation "for the purpose of performing a function conferred by law on the county." TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2000). Thus, a county may accept contributions toward the expenses of disposing of a particular pauper's remains.

You ask fourth and finally whether funds received toward the cost of burial should be deposited with the General Assistance Agency of Lubbock County or into the Lubbock County General Fund. A donation received for expenses associated with the disposition of a deceased pauper's remains belongs to the county and is therefore subject to chapter 113 of the Local Government Code. As funds belonging to the county, the donation must be deposited with the county treasurer, who will subsequently deposit the money into the county depository. *See id.* §§ 113.001, .021, .022 (Vernon 1999). The county treasurer may deposit the money into a special account in the depository only if the commissioners court has so ordered. *See id.* § 113.021(b); *see also id.* § 113.004(b)(3), (c) (indicating that county commissioners court may designate special accounts for certain monies).

## S U M M A R Y

Section 694.002 of the Health and Safety Code requires a county to provide for disposition of a deceased pauper's remains, even though the decedent is survived by a person listed in section 711.002(a) of the same code, in accordance with county rules. Neither a county commissioners court nor an agency with powers delegated by the county commissioners court may seize assets of a deceased pauper's estate to pay expenses associated with the disposition of the pauper's remains. To the extent Letter Opinion 96-037 suggests that a county is responsible for a deceased pauper's remains only if there are no surviving persons listed under section 711.002(a) of the Health and Safety Code, it is incorrect.

A county may accept contributions toward the expenses of disposing of a particular pauper's remains. *See* TEX. LOC. GOV'T CODE ANN. § 81.032 (Vernon Supp. 2000). Any donations the General Assistance Agency receives must be deposited with the county treasurer. *See id.* §§ 113.021(a), .022 (Vernon 1999). Whether the treasurer deposits the money into the county's general fund or into a special account in the county depository is a matter for the commissioners court to determine. *See id.* §§ 113.004(b)(3), (c), .021(b).

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee